1   Allen Lichtenstein
    NV Bar No. 3992
2   3315 Russell Road #H222
    Las Vegas, Nevada 89120
3   702-433-2666

4   Mark Lopez
    American Civil Liberties Union
5   125 Broad St., 17th Floor
    New York, NY 10004
6   212-549-2608

7   Attorneys for Plaintiffs

8



U.S. DISTRICT COURT
DISTRICT OF NEVADA
FILED ____ AFTER HOURS

APR ⁀ ⁀ 2001

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

9

FOR THE DISTRICT OF NEVADA

10

11  American Civil Liberties Union of       )
    Nevada, Gary Peck, Unitarian            )
12  Universalist Social Justice Committee,  )
    Paul R. Brown, The Shundahai Network,   )
13  and Greg Gable,                         )
                                            )
14      Plaintiffs,                         )
                                            )
15          vs.                             )   CV-S-97-01419-DWH  (LRL)
                                            )
16  The City of Las Vegas, Jan Laverty      )
    Jones, in her official capacity as the  )
17  Mayor of Las Vegas, The Fremont Street  )
    Limited Liability Corp., and Mark Paris,)
18  in his official capacity as the         )
    Executive Director of The Fremont Street)
19  Limited Liability Corp.                 )
                                            )
20      Defendants.                         )
                                            )

21

22          **Plaintiffs' Motion for Reasonable Attorney Fees and Costs**

23          Come now the Plaintiffs,  by and through the undersigned attorneys,  as prevailing parties in

24  this action, pursuant to the April 4, 2001  Order and Judgment, and move pursuant to 42. U.S.C.

25  1988 for an award of reasonable attorney fees and costs. Plaintiffs seek an award of $121,740 in fees

26  and $11,382.53 in costs to the American Civil Liberties Union Foundation, Inc., and $38,741.72 in

27  fees to Allen Lichtenstein, Esq. This Motion is based on all pleadings and papers on file herein, and

28  the Memorandum of Points and Authorities attached hereto, and any further argument and evidence

    as may be presented at hearing.

1   Dated this 18th day of April 2001.

2

3   Respectfully submitted by:

4

5

6

Allen Lichtenstein
7   Nevada Bar No. 3992
3315 Russell Road, #H222
8   Las Vegas, Nevada 89120
(702) 433-2666

9

10   and

11   Mark Lopez
American Civil Liberties Union Foundation
12   125 Broad St., 17th Floor
New York, NY 10004
13   (212)549-2608

14   Attorneys for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Introduction**

Plaintiffs move pursuant to U.S.C 1988 for an award of reasonable attorney fees and costs. As explained below, plaintiffs are prevailing parties in this case. Accordingly, Plaintiffs' counsel are entitled to be fully compensated for their time and expenses. The fees and costs claimed by Plaintiffs' attorneys are set forth in attachments to the Declarations of Mark Lopez, Esq. (Exhibit 1) and Allen Lichtenstein, Esq. (Exhibit 2).

**II.    Procedural History**

In October 1997, Plaintiffs brought this action to enjoin the Defendants, City of Las Vegas and the then Mayor, Jan Laverty Jones, from enforcing Las Vegas Municipal Code Section 11.68.100 (I) and Section 10.44 which prohibit, respectively, the distribution of literature and the solicitation of funds on the Fremont Street Pedestrian Mall ("Fremont Street") located in downtown Las Vegas. The plaintiffs further sought to enjoin the defendants from prohibiting any other peaceful First Amendment activity on Fremont Street, including: 1) peaceful assembly, 2) carrying banners, signs, placards or pickets, 3) proselytizing, 4) circulating petitions, 5) collecting signatures, 6) selling message-bearing merchandise such as books, T-shirts, bumper stickers or buttons, and 7) placing tables, stands, or displays on Fremont Street in connection with the forgoing activities.

Named as additional defendants were the Fremont Street Limited Liability Corporation (FSELLC) and its executive director, Mark Paris.

Shortly after the case was filed, the defendants moved to dismiss or alternatively, for entry of summary judgment. In support of the motion, the defendants argued that Fremont Street was not a public forum under First Amendment doctrine and that they were free to prohibit all manner of speech. The plaintiffs opposed the motion, but did not file a cross-motion for a summary judgment. Instead, plaintiffs sought entry of a preliminary injunction enjoining any and all restrictions on their First Amendment activities. On April 24, 1998, the court issued its decision in the case, granting the motion for a preliminary injunction in part and denying it in part; and granting the defendants' motion for summary judgment in part, and denying it in part.

1    Upon consideration of the plaintiffs' motion for a preliminary injunction, the court
2  enjoined the hand billing ordinance 11.68.100 (I) and the licensing scheme which vested in FSELLC
3  officials authority to regulate mall vending as applied to the sale of message-bearing merchandise
4  L.V.M.C. 11.68.100 (B). The hand billing ordinance was struck down on Equal Protection grounds
5  because of the irrational distinction it drew between the activities of labor unions exempted from the
6  ordinance's coverage and all other leafleting. Having relied on the Equal Protection Clause at that
7  time, the court found it unnecessary to reach the First Amendment question. Treating plaintiffs'
8  challenge to the restriction on the sale of message-bearing merchandise as a facial challenge only, the
9  court held that the licensing scheme violated the First Amendment because it granted FSELLC
10  officials unbridled discretion to grant or withhold permission to sell political T-shirts and the like.

11    The court did not reach the merits of the plaintiffs' remaining allegations that the defendants
12  prohibited all additional First Amendment activities on Fremont Street, including assembly,
13  proselytizing, picketing and canvassing for signatures. The court construed plaintiffs' pleadings as
14  abandoning those issues for the purposes of the preliminary injunction. For purposes of the
15  defendants motion for summary judgment, the court similarly did not reach the merits as to those
16  activities because of the unresolved factual dispute over whether the forgoing activities were in fact
17  prohibited by ordinance, policy or practice.

18    The ACLU appealed the partial denial of preliminary relief, and the defendants cross-appealed.
19  Both appeals were dismissed and the case was remanded to the district court for final disposition of
20  the relief granted in the preliminary injunction and the remaining claims not yet decided. At a status
21  conference held on September 14, 2000, the parties agreed to resolve the case through cross motions
22  for summary judgment. On the strength of the court's previous Order granting relief, plaintiffs, in
23  their Motion for Summary Judgment, sought entry of a permanent injunction barring enforcement of
24  the handbilling ordinance and prohibiting the defendants from obstructing or otherwise interfering
25  with persons distributing literature that identified the organization, name address and telephone
26  number, under the pretext of enforcing L.V.M.C. 10.44, which prohibits solicitation.

27    Plaintiffs also sought entry of a permanent injunction barring the defendants from enforcing
28  L.V.M.C. 11.68.100 (B), as applied to the sale of ideologically oriented products such as books or

T-shirts sold incident to the political or public education activity that plaintiffs seek to conduct generally.   In addition, plaintiffs sought   an injunction against the enforcement of L.V.M.C. 11.68.100 (H), governing the regulation of tables or  displays on Fremont Street, and entry of a permanent injunction enjoining the defendants from interfering in any way with their First Amendment right to assemble, proselytize, gather signatures, or carry a placard or banner on Fremont Street.

In the April 4, 2001 Order, the Court granted the Plaintiffs' Motion for Summary Judgment in part and denied it in part. The Court also granted the Defendants Counter- Motion for Summary Judgment in part and denied it in part. Both on equal protection and First Amendment grounds, the Court permanently enjoined. enforcement of L.V.M.C. 11.68.100(I), which prohibited leafletting at the Fremont Street Experience. Enforcement of  L.VM.C. 11.68.100(B) was similarly enjoined with respect to the sale of message bearing merchandise. In addition, the Court ruled that leaflets that do not ask for donations, but merely list the name, address and telephone number of the organization, cannot be prohibited under the anti-solicitation ordinance.

## III    ARGUMENT

### A.    Plaintiffs are prevailing parties and are entitled to attorney fees and costs.

The Civil Rights Attorney Fee Awards Act of 1976 provides in pertinent part that: "In any action or proceeding to enforce a provision of sections 1981,1981 a, 1982,1983,1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b). The legislative history makes clear that prevailing parties "`should ordinarily recover an attorney's fee unless special circumstances *would* render such an award unjust.'" ];*Hensley v. Eckerhart*, 461 US. 424, 429 (1983) (quoting S. Rep. No. 941011, at 4 (1976)). Under the  Act  the District Court may award reasonable attorney's fees to the Prevailing Party in a Section 1983 action. Generally, plaintiffs cross the prevailing party threshold "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Texas State Teachers' Association v. Garland Independent School. Dist.*, 489 U.S. 782, 789 (1989) "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to

promote in the fee statute." *Id.* at 792-93.   In the case at bar, Plaintiffs prevailed when this Court issued a Permanent injunction, enjoining the Defendants from enforcing L.V.M.C. 11.68.100(I) and L.V.M.C. 11.68(B) with respect to the sale of message bearing merchandise. In addition, the Court ruled that leaflets that list the name, address and telephone number of the organization cannot be prohibited under the anti-solicitation ordinance.  The Ninth Circuit Court of Appeals held in *Sablan v. Dept. Of Finance of N. Mariana Islands*, 856 F.2d 1317 (1988), that:

> "Whether the lawsuit in this case was a catalyst for constitutional reform on the part of the government bifurcates into two subsidiary inquiries. First, we must determine what Sablan sought to accomplish in bringing his lawsuit and then determine whether the lawsuit was causally linked to the relief actually obtained. See *California Association of the Physically Handicapped, Inc. v. FCC*, 721 F.2d 667, 671 (9th Cir. 1983) (CAPH), *cert. denied*, 469 U.S. 832, 83 L. Ed. 2d 63, 105 S. Ct. 121 (1984); *Fitzharris v. Wolff*, 702 F.2d 836, 838 (9th Cir. 1983); *accord Operating Engineers Local Union No. 3 v. Bohn*, 737 F.2d 860, 863 (10th Cir. 1984)(*Bohn*). Second, there must be a legal basis for the; Sablan's claim--it must not be "frivolous, unreasonable: or groundless." See, *Fitzharris* at 838. Stated otherwise, "the defendant's conduct in response to the lawsuit must be required by law." *Bohn*, at 863 to ensure that the government did not act "gratuitously in response to a frivolous or legally insignificant claim." *Crosby v. Bowling*, 683 F.2d 1068, 1070 (7th Cir.1982); *see also CAPH*, 721 F.2d at 672, quoting *Nadeau, v. Helgemoe*, 581 F.2d 275, 281 (1st Cir. 1978)58 1 F.2d at 281. Id. at 1325 (internal citations omitted)."

As in *Sablan* this Court must determine what, "Plaintiffs sought to accomplish in bringing their lawsuit and then determine whether the lawsuit was causally linked to the relief actually obtained." *Nadeau*, 581 F.2d, at 281 Second, the District Court must determine, "whether there is a legal basis for the Plaintiffs' claim--it must not be "frivolous, unreasonable or groundless." *Id.* In the instant case, the plaintiffs were successful in the major objectives of permanently enjoining enforcement of Municipal Code provisions that prohibited leafletting at the Fremont Street Experience and also prohibited the sale of message bearing merchandise there. These unquestionably are significant issues where the litigation achieved some of the benefit the plaintiffs sought in bringing the suit. Thus, the plaintiffs must be considered prevailing parties.

### B.    Plaintiffs are entitled to a fully compensatory fee

Once a plaintiff has been determined to be a prevailing party, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the

1    litigation multiplied by a reasonable hourly rate." *Hensley* 461 U.S. at 433. "[T]he 'product. of

2    reasonable hours times a reasonable rate' [known as the 'lodestar'] normally provides a 'reasonable'

3    attorney's fee within the meaning of the statute." *Blum v. Stenson* 465 U.S. 886, 897 (1984) (quoting

4    *Hensley* , 461 U.S. at 434). "Where a plaintiff has obtained excellent results, his attorney should

5    recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the

6    litigation[.]" *Hensley*, 461 U.S. at 435. Such is the situation here.

7

8        **C.**     **The hourly rates sought by plaintiffs' counsel are reasonable.**

9        Ordinarily, the attorney fee rate to be utilized under 42 U.S.C. § 1988 is the prevailing market

10   rate for an attorney of similar experience and skill in the forum community. *Blum*, 465 U.S. at 895.

11   Mr. Lopez and Mr. Lichtenstein both seek compensation at the rate of $200 per hour. The rate of

12   $200 per hour is Mr. Lichtenstein's, standard hourly rate, and is comparable to the market rates

13   charged by attorneys of similar skill and experience in the District of Nevada in a matter concerning

14   complex civil rights and constitutional issues. *See Prison Legal News v. Crawford* (Case No. CV-N-

15   00-0373-HDM-RAM).

16

17        **D.**     **Plaintiffs seek fees for a reasonable number of hours.**

18        In determining what constitutes a reasonable number of hours, the Court is to consider the

19   factors set forth in *Kerr v. Screens Extras Guild Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied.*

20   425 U.S. 951 (1976). The factors to be considered are: (1) the time and labor required, (2) the

21   novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service

22   properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5)

23   the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client

24   or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation,

25   and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the

26   professional relationship with the client, and (12) awards in similar cases.

27        In the instant case, the time and labor required are set forth in the attachments to the

28   declarations of Mark Lopez and Allen Lichtenstein. The hours listed in the fee request are neither

duplicative, unnecessary nor excessive. *See, Hensley* at 434. The challenge to state laws or municipal ordinances on First Amendment and other constitutional grounds involve complex and difficult issues. Municipal ordinances are not overturned lightly. Yet because these issues involve the basic right of freedom of speech it was essential the case be litigated thoroughly and meticulously. Not only were the rights of the named plaintiffs at stake but the rights of the entire public to exercise fundamental protected rights. Both Mr. Lopez and Mr. Lichtenstein are experienced litigators in this area. The case involved several summary judgment motions, a preliminary injunction motion, as well as an interlocutory appeal to the Ninth Circuit. The number of hours the Plaintiffs seek compensation for is reasonable under the *Kerr* factors.

**E.     Plaintiffs are entitled to recover the costs of litigation.**

Plaintiffs are entitled to recover reasonable litigation expenses. These expenses are set forth in an attachment to the Declaration of Mark Lopez. *See, United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407-08 (9th Cir. 1989); *Ilick v. Miller*, 68 F.Supp.2d 1169, 1181-1182 (D.Nev. 1999). These costs are neither duplicative nor excessive.

**F.     Plaintiffs are entitled to attorney fees in connection to the Motion for Attorney fees.**

Pursuant to *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992), plaintiffs are entitled to attorney fees for the time spend preparing this motion, as set forth in the attached Declarations of Mark Lopez and Allen Lichtenstein.

WHEREFORE, plaintiffs having prevailed in this case, requests that this Honorable Court grant plaintiffs motion.

Dated this 18th day of April 2001.

Respectfully submitted by:

Allen Lichtenstein
Nevada Bar No. 3992
3315 Russell Road #H222
Las Vegas, Nevada 89120
702-433-2666

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mark Lopez
American Civil liberties Union Foundation
125 Broad St., 17th Floor
New York, NY 10004
212-549-2608

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I Allen Lichtenstein hereby certify that on the 8th day of April 2001, I caused to be deposited for mailing postage prepaid, at Las Vegas, Nevada copies of the Plaintiffs' Motion for Reasonable Attorney Fees addressed to the following:

William P. Henry, Esq.
Office of the City Attorney
City of Las Vegas
400 East Stewart Avenue, 9th Floor
Las Vegas, NV 89101

Todd L Bice, Esq.
Schreck Morris
1200 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101

Kristen B. McMillan, Esq.
Hale, Lane, Peek, Dennison,
Howard, Anderson & Pearl
2300 West Sahara Avenue
Eighth Floor, Box 8
Las Vegas, Nevada 89102

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| American Civil Liberties Union of Nevada, Gary Peck, Unitarian Universalist Social Justice Committee, Paul R. Brown, The Shundahai Network, and Greg Gable, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | CV-S-97-01419-DWH (LRL) |
| The City of Las Vegas, Jan Laverty Jones, in her official capacity as the Mayor of Las Vegas, The Fremont Street Limited Liability Corp., and Mark Paris, in his official capacity as the Executive Director of The Fremont Street Limited Liability Corp. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## DECLARATION OF MARK J. LOPEZ IN SUPPORT OF PETITION FOR ATTORNEYS' FEES AND EXPENSES

Mark J. Lopez, pursuant to 28 U.S.C. §1746, hereby makes the following declaration:

1.      I am senior staff counsel for the American Civil Liberties Union's national legal department, located in New York City. I have held that position since October 1996. In that capacity, I have worked on this case on behalf of the plaintiff and make this declaration in support of the petition for fees and expenses.

2.      I am a 1985 graduate of the Rutgers School of Law -- Newark, and a member in good standing of the Bars of New Jersey, New York, and Illinois. I was first admitted to the practice of law in 1986.

3.      Immediately prior to my employment with the ACLU, from June 1987 thru October

1996, I was Senior Staff Attorney for the National Prison Project of the American Civil Liberties Union Foundation, located in Washington, DC. For the two year period immediately proceeding my graduation from Law School in 1985, I was staff counsel with the ACLU of Illinois.

4.      I have substantial trial and appellate experience in the federal courts and have litigated approximately twenty cases in federal jurisdictions across the country in my capacity as an ACLU attorney. The majority of said cases were class actions raising complex federal civil rights challenges to unlawful state conduct. In each of these cases, I have functioned as lead or associate counsel with primary day to day responsibility for the development and litigation of the case. I continue in this role in my current position.

5.      I am making this declaration to support the application for attorneys' fees and expenses as set forth in the attached schedules filed simultaneously herewith. The hours and expenses for which compensation is sought were recorded contemporaneously. The services for which I am seeking compensation include those rendered in connection with the merits of the case and the preparation of the attorney fee petition . The actual number of hours I spent on this case are discounted to reflect billing judgement. The services I performed are not duplicitive of the services my co-counsel are seeking compensation for. Each of the attorneys who worked on this case on behalf of the plaintiffs performed discrete services. I was primarily responsible for the drafting of briefs and other court documents. Co-counsel was primarily responsible for marshaling the facts and coordinating witness testimony -- vis a vis -- sworn statements. All hours and expenses listed were recorded contemporaneously. I am seeking an hourly rate of $200 per hour.  According to my co-counsel in this case, this rate reflects general rates for lawyers in Las Vegas with similar experience and expertise. I was recently awarded a rate of

2

$200 an hour in a case challenging the male-only admissions policy of the Citadel Military College of South Carolina.  Mellette v. Jones, No. 2:93-04 88-2 (D.S.C. 3/30/99), <u>Order</u> on attorneys' fee petition.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on April 17, 2001

Mark J. Lopez
Senior Staff Counsel

3

# Mark J. Lopez Attorney Hours
## ACLU v. Las Vegas

| DATE | DESCRIPTION | TIME SPENT |
|------|-------------|------------|
| 7/23/97 | C call with G. Peck re: Rest. on 1st Amendment activity in pedestrian mall | .5 |
| 7/24/97 | C call with F. Askin re: 1st Amendment activity in pedestrian mall | .3 |
| 7/29/97 | C call with Nevada affiliate and attorney re: 1st Amendment activity in pedestrian mall | .5 |
| 7/29/97 | Read briefs in Iskcon v. Lee | .3 |
| 7/29/97 | Read opinion in Iskcon v. Lee | .4 |
| 7/29/97 | TC with Frank Askin re: sample briefs and complaint | .2 |
| 8/13/97 | RV memo proposed by student on merits | .3 |
| 8/13/97 | Critique memo by student | .4 |
| 8/28/97 | The G. Peck status of client search | .3 |
| 9/11/97 | R 9th Cir. case law on public forum restrictions | 2.0 |
| 9/11/97 | RV client background and ordinance background materials sent by G. Peck | 1.0 |
| 9/11/97 | Lexis Search for Aug. 97 decision re: ban on Street solicitation; read it (Perry v. L.A.P.D.) | .6 |
| 9/12/97 | TC with Gary Peck re: background on plaintiffs, defendants, operation of statute | .5 |
| 9/12/97 | C with C. Hansen re: decision whether to file P.I. | .3 |
| 9/16/97 | TC with Laura Fitzsimmons re: contents of complaint | .4 |
| 9/16/97 | L of introduction/ agreement to L. Fitzsimmons re: filing of case | .2 |
| 9/16/97 | TC with F. Askin re: content of complaint | .2 |

1

| DATE | DESCRIPTION | TIME SPENT |
|---|---|---|
| 9/16/97 | TC with Alan Scholster re: 9th Cir. Decisions on questions | .3 |
| 9/16/97 | RV sample shopping mall complaints | .3 |
| 9/17/97 | TC with G. Peck contents of complaint | .2 |
| 9/17/97 | Work on draft of complaint | 1.5 |
| 9/17/97 | RV pleading in 9th Cir. leafleting/ solicitation case | .7 |
| 9/18/97 | Work on draft of complaint | 1.0 |
| 9/19/97 | Work on draft of complaint/ R claims | 3.0 |
| 9/22/97 | TC with Gary Peck re: client background; operation of ordinance (3X) | .5 |
| 9/22/97 | Draft complaint/ RV factual materials | 1.5 |
| 9/23/97 | Draft complaint/ RV factual materials | 2.5 |
| 9/23/97 | Draft complaint/ RV factual materials | 1.0 |
| 9/24/97 | Draft L to Fitzsimmons re: management of case, responsibility for expenses | .5 |
| 9/24/97 | Fill out non-resident attorney papers | .3 |
| 9/24/97 | Final E of complaint | 1.5 |
| 9/24/97 | TC with Fitzsimmons office re: filing of complaint (2X) | .2 |
| 9/25/97 | TC with Fitzsimmons office re: filing of complaint (2X) | .2 |
| 9/25/97 | TC with Gary Peck re: filing of complaint | .2 |
| 9/25/97 | RV provision of City Code restricting solicitation; E complaint to allege that restriction | .4 |
| 10/2/97 | TC with Gary Peck to RV edits to complaint | .3 |
| 10/6/97 | R on public forum analysis | 3.5 |
| 10/7/97 | R on solicitation on public streets | 3.0 |
| 10/7/97 | R on sale of goods cases | 2.5 |
| 10/8/97 | TC with Gary Peck to RV edits to complaint | .3 |

2

| DATE | DESCRIPTION | TIME SPENT |
|---|---|---|
| 10/8/97 | Final E to complaint | .5 |
| 10/8/97 | Collect and read all of the 9th Cir. Cases and 1st Amendment activity in public places - R standardless discretion cases | 4.0 |
| 11/12/97 | Draft intro and facts section of P.I. brief | 6.0 |
| 11/17/97 | E facts section of brief | 2.5 |
| 11/18/97 | Draft merits section of brief/ R | 6.0 |
| 11/18/97 | RV defendants' Answer | .5 |
| 11/19/97 | TC with Gary Peck re: filing of P.I. | .3 |
| 11/19/97 | Draft merits section of brief | 5.0 |
| 11/21/97 | E draft of brief | 2.0 |
| 11/24/97 | E draft of brief | 1.5 |
| 11/24/97 | TC with Gary Peck re: new counsel (2X) | .2 |
| 11/24/97 | TC with L. Wightman's Office re: withdrawal from case | .1 |
| 11/25/97 | R on question of licensing discretion | 2.0 |
| 11/25/97 | Draft licensing discretion section of brief | 2.5 |
| 12/2/97 | Draft/ E brief | 3.0 |
| 12/2/97 | Draft/ E brief | 2.5 |
| 12/3/97 | TC with Gary Peck re: solicitation ordinance | .2 |
| 12/3/97 | Draft/ E brief | 3.0 |
| 12/3/97 | E brief | 1.5 |
| 12/4/97 | TC with opposing counsel re: answer to complaint | .2 |
| 12/4/97 | TC with opposing counsel re: response pleading/ P.I. motion | .3 |
| 12/4/97 | TC with Gary Peck re: drafting of affidavits | .2 |
| 12/4/97 | Draft/ E brief | 1.5 |
| 12/4/97 | E brief | 1.0 |

| DATE | DESCRIPTION | TIME SPENT |
|------|-------------|-----------|
| 12/5/97 | R and write final section of P.I. brief | 2.0 |
| 12/8/97 | Additional R on solicitation and sales cases | 1.2 |
| 12/8/97 | Incorporate R into brief | 1.5 |
| 12/10/97 | C with Steve Shapiro (legal director) to E brief | .5 |
| 12/10/97 | TC with Gary Peck re: 12/11/ T to Las Vegas | .1 |
| 12/11/97 | T from NY to Las Vegas for M with clients and co-counsel | 7.0 |
| 12/11/97 | C with co-counsel re: RV of P.I. papers | 4.0 |
| 12/12/97 | C with Greg Gable (client) | 1.5 |
| 12/12/97 | C with Paul R. Brown (client) re: contents of affidavit | 1.5 |
| 12/13/97 | Return flight to NY | 6.0 |
| 12/15/97 | Draft affidavit of plaintiff | 2.0 |
| 12/15/97 | RV affidavit with Peck / hiring expert | .3 |
| 12/18/97 | Draft/ E interrogatories | 2.0 |
| 12/18/97 | Draft/ E document requests | 2.0 |
| 12/19/97 | TC with Gary Peck re: service of discovery | .2 |
| 12/19/97 | TC with C. Gardener re: RV of contents of Discovery | .2 |
| 1/5/98 | TC with G. Peck re: hiring expert, affidavits | .3 |
| 1/5/98 | TC with Allen Lichtenstein re: local rules | .2 |
| 1/5/98 | TC with Chuck Gardner re: hiring expert, contents of brief | .3 |
| 1/5/98 | TC with Todd Bice - content of motion to dismiss | .3 |
| 1/6/98 | R state action question | 2.5 |
| 1/6/98 | R state/ city's ability to deed away street/sidewalks to casino | 3.0 |
| 1/7/98 | Rewrite/ P.I. brief | 4.0 |
| 1/8/98 | Rewrite/ P.I. brief | 2.5 |

4

| DATE | DESCRIPTION | TIME SPENT |
|---|---|---|
| 1/8/98 | Rewrite/ P.I. brief | 3.5 |
| 1/9/98 | Rewrite/ P.I. brief | 2.5 |
| 1/9/98 | Rewrite/ P.I. brief - RV with legal director | 2.0 |
| 1/12/98 | Final E to memo for P.I. | 2.2 |
| 1/12/98 | Draft motion for P.I. and Proposed Order | .6 |
| 1/12/98 | Draft L to co-counsel re: contents and filing of P.I. brief | .2 |
| 1/12/98 | Draft Motion to file brief in excess 30 pages | .2 |
| 1/12/98 | TC with city attorney - P.I. filing, Rule 26 conference | .2 |
| 1/12/98 | TC with G. Peck - contents and filing of brief | .2 |
| 1/12/98 | TC with T. Bice - Rule 26 conference | .1 |
| 1/13/98 | Draft response to motion to dismiss / S. J. | 4.5 |
| 1/14/98 | Draft response to motion to dismiss / S.J. | 4.0 |
| 1/14/98 | TC with C. Gardner re: E to P.I. papers | .2 |
| 1/15/98 | R points by defendants, draft response to motion to dismiss | 7.0 |
| 1/16/98 | Draft response to motion to dismiss | 6.0 |
| 1/19/98 | RV exhibits to defendants' motion | 3.0 |
| 1/20/98 | Draft response to motion to dismiss / S.J. | 5.0 |
| 1/20/98 | TC with C. Gardner – P.I. filing | .1 |
| 1/20/98 | TC with G. Peck re: P.I. filing | .1 |
| 1/20/98 | E brief | 2.0 |
| 1/21/98 | E brief / summary judgement R 12b(6) and S.J. standards in 9th Cir. | 2.0 |
| 1/21/98 | TC with G. Peck re: filing | .3 |
| 1/21/98 | TC C. Gardner re: response to 12b(6) | .4 |
| 1/23/98 | E brief to incorporate E by co-counsel and colleagues | 3.5 |

| DATE | DESCRIPTION | TIME SPENT |
|---|---|---|
| 1/23/98 | Peck affidavit | .5 |
| 1/23/98 | TC with G. Peck, C. Gardner, and A. Lichtenstein | 1.2 |
| 1/23/98 | TC with G. Peck to discuss exhibits | .3 |
| 1/24/98 | RV revised S.J. brief and E | 1.0 |
| 1/25/98 | RV C. Gardner draft of 12b(6) brief, discuss with G. Peck | .7 |
| 1/26/98 | TC with Gary Peck re: final edit to brief, filing; substitute counsel | .2 |
| 1/27/98 | TC with Gary Peck filing response to 12b(6) | .3 |
| 1/28/98 | TC with Allen and Gary re: P.I. hearing | .4 |
| 1/28/98 | TC with Allen re: strategy for P.I. | .3 |
| 1/28/98 | TC with T. Bice re: discovery | .1 |
| 1/28/98 | TC with P. Henry Re discovery; P.I. hearing | .2 |
| 1/28/98 | TC with court re: P.I. hearing | .1 |
| 1/29/98 | RV final sets of interrogatories and rule 34 requests to private defendants; draft discovery to private defendants | .5 |
| 1/30/98 | Draft motion to amend scheduling order | .5 |
| 1/30/98 | TC with G Peck re: retaining expert on pedestrian traffic | .2 |
| 1/30/98 | Read final version of brief in response to S.J. | .5 |
| 2/2/98 | Read Sorrano briefs and district court decision for indicia of government defense of restrictions | 2.0 |
| 2/2/98 | TC with Allen L. Re: Response to P.I. | .4 |
| 2/2/98 | TC with Allen L. Re: motion to amend scheduling order | .1 |
| 2/298 | Draft reply to P.I. | 1.0 |
| 2/3/98 | RV testimony before city council in support of restrictions | 2.0 |
| 2/3/98 | Read cases cited in Sorrano P.I. briefs by defendants in support of restrictions | 2.5 |

6

| DATE | DESCRIPTION | TIME SPENT |
|---|---|---|
| 2/3/98 | RV motion to vacate hearing date on grounds of laches and that S.J./ 12(6) should be decided first | .1 |
| 2/3/98 | R. Wright and Miller, Moore's for authorities supporting or refuting defendants argument | 2.0 |
| 2/3/98 | TC with Allen L. Re: above | .3 |
| 2/3/98 | TC with Gary P. Re: above | .2 |
| 2/3/98 | Draft responses for defendants motion to vacate | 2.5 |
| 2/3/98 | TC with T. Bice re: above | .2 |
| 2/4/98 | Abstract testimony helpful for P.I. brief/ arg. | 4.5 |
| 2/5/98 | R on law defining content based distinctions | 2.0 |
| 2/5/98 | Draft memo for reply brief | 6.5 |
| 2/6/98 | Draft memo for reply brief | 4.5 |
| 2/9/98 | Draft reply memo | 2.0 |
| 2/10/98 | Draft reply memo | 8.0 |
| 2/11/98 | Read FSELLC defendants' brief in response to motion for P.I.; read motion to strike exhibits | .5 |
| 2/11/98 | R on defendants' contention that exhibits must be struck | 2.0 |
| 2/11/98 | R on cases cited in defendants brief | 3.0 |
| 2/11/98 | C with legal director re: reply memo | .5 |
| 2/11/98 | TC with co-counsel and clients re: reply brief (4X) | 1.5 |
| 2/11/98 | Draft reply to defendants' opposition brief | 2.5 |
| 2/12/98 | TC with local counsel re: contents of brief (4X) | 1.2 |
| 2/12/98 | Draft argument on merits | 3.0 |
| 2/12/98 | Draft argument on merits | 4.0 |
| 2/12/98 | E draft of argument on merits | 2.0 |
| 2/12/98 | RV/ incorporate defendants reply memo in support of motion to dismiss | 1.0 |

7

| DATE | DESCRIPTION | TIME SPENT |
|---|---|---|
| 2/12/98 | RV/ incorporate defendants answers to Discovery | 1.0 |
| 2/13/98 | TC with Gary Peck re: content of affidavits | .2 |
| 2/13/98 | TC with Allen Lichtenstein re: contents of brief (4X) | .8 |
| 2/13/98 | Work on response to motion to strike | 1.0 |
| 2/13/98 | TC with Gary Peck: contents of affidavit, exhibits (3x5) | 1.0 |
| 2/13/98 | TC with A. Lichtenstein: exhibits to brief (3x5); continuance | 1.0 |
| 2/14/98 | TC with A. Lichtenstein: filing of brief | .2 |
| 2/14/98 | TC with Gary Peck: filing of brief | .2 |
| 2/17/98 | TC with A. Lichtenstein re: corrections to brief | .2 |
| 2/18/98 | TC with Gary Peck re: corrected copy of brief; logistics of hearing | .2 |
| 2/18/98 | TC with A. Lichtenstein (3X): filing of correct copy | .3 |
| 2/18/98 | RV preliminary inj. including irreparable harm cases cited by defendants - abstract cases | 1.0 |
| 2/18/98 | Outline oral argument | 1.5 |
| 2/19/98 | T to Las Vegas | 7.0 |
| 2/19/98 | RV, recite practice oral argument | 1.0 |
| 2/19/98 | RV corrected copy of reply memo | .5 |
| 2/20/98 | RV motion to strike exhibits (photos) and plaintiffs' reply | .2 |
| 2/20/98 | Travel to Reno | 2.0 |
| 2/20/98 | C with co-counsel and client to outline/ orchestrate argument | 1.5 |
| 2/20/98 | Oral argument | 1.5 |
| 2/20/98 | Follow-up meeting to discuss oral argument; options if we win or lose | 1.0 |
| 2/21/98 | Return to Las Vegas | 1.5 |

| DATE | DESCRIPTION | TIME SPENT |
|---|---|---|
| 2/21/98 | Return to NYC | 7.0 |
| 2/23/98 | Brief legal director on argument | .3 |
| 2/23/98 | RV defendants reply brief on motion to strike exhibits | .1 |
| 4/28/98 | Read opinion | .5 |
| 4/28/98 | TC with T. Bice: opinion | .2 |
| 4/28/98 | TC with Allen Lichtenstein: opinion (3X) | 1.0 |
| 4/28/98 | TC with Gary Peck: opinion (2X) | .5 |
| 4/28/98 | C with S. Shapiro: appeal options | .3 |
| 4/29/98 | TC with Allen L. And Gary P. Re: appeal | .7 |
| 4/29/98 | RV and outline basis for appeal | 1.0 |
| 5/26/98 | RV evidence cases cited by District Court | .5 |
| 5/26/98 | RV district court order and outline appeal | 2.0 |
| 5/26/98 | TC with G. Peck re: FSELLC action in removing signature collections from FSE | .3 |
| 5/26/98 | TC with Lichtenstein re: above | .2 |
| 5/27/98 | Draft public forum section of brief | 4.0 |
| 5/27/98 | Draft preliminary section of appellate brief (statement of case, summary of brief, etc.) | 2.5 |
| 5/28/98 | Draft public forum section of brief/ R as necessary | 4.5 |
| 6/1/98 | Draft solicitation sections of brief/ R as necessary | 7.5 |
| 6/2/98 | Draft discretionary authority section of brief/ R as necessary | 5.0 |
| 6/3/98 | Draft/ E brief | 6.5 |
| 6/3/98 | TC with A. Lichtenstein re contents of brief (2X) | .5 |
| 6/4/98 | Draft/ E brief | 6.0 |
| 6/4/98 | TC with A. Lichtenstein re: content of brief (2X) | .5 |
| 6/5/98 | Draft/ E brief | 4.0 |

9

| DATE | DESCRIPTION | TIME SPENT |
|---|---|---|
| 6/5/98 | TC with A. Lichtenstein re: contents of brief | .3 |
| 6/6/98 | TC with A. Lichtenstein re: contents of brief | .8 |
| 6/7/98 | TC with A. Lichtenstein re: contents of brief | .3 |
| 6/8/98 | TC with A. Lichtenstein re: contents of brief (2X) | .5 |
| 6/8/98 | Proof/ cite-check brief | 5.0 |
| 7/23/98 | TC with A. Lichtenstein re: contents of defendants motion to dismiss appeal as moot | .2 |
| 7/27/98 | RV defendants motion to dismiss appeal as moot; motion to strike evidence | .3 |
| 7/30/98 | Read cases cited by defendants in support of motion to dismiss appeal as moot | 1.5 |
| 7/30/98 | Read defendants' appellate brief | .5 |
| 7/30/98 | RV cases cited by defendants in appellate brief | 1.5 |
| 7/30/98 | RV transcript of hearing for accuracy of defendants' cites | 1.0 |
| 7/30/98 | Direct student on research of evidence question raised in motion to strike; E memo | 1.0 |
| 7/31/98 | TC with A. Lichtenstein re: response to motion to dismiss appeal | .3 |
| 8/5/98 | TC with A. Lichtenstein re: response to motion to dismiss appeal | .2 |
| 8/10/98 | RV and discuss with A. Lichtenstein response to motion to dismiss appeal | .3 |
| 8/11/98 | RV motion to dismiss appeal and plaintiff's opposition; conduct further R; discuss with co-counsel | 4.0 |
| 8/18/98 | Abstract defendants brief and outline response | 2.5 |
| 8/18/98 | R an issue raised by defendants in brief | 2.0 |
| 8/18/98 | Draft reply brief | 2.5 |
| 8/19/98 | Draft reply brief | 4.0 |

| DATE | DESCRIPTION | TIME SPENT |
|------|-------------|------------|
| 8/19/98 | Draft reply brief | 2.5 |
| 8/19/98 | TC with A. Lichtenstein re: contents of reply brief | .2 |
| 8/20/98 | Draft reply brief | 4.5 |
| 8/20/98 | R on evidence - objections raised by defendants | 2.0 |
| 8/20/98 | TC with Lichtenstein re: contents of brief | .2 |
| 8/20/98 | R on severability issues raised by defendants | 1.5 |
| 8/22/98 | Draft reply brief | 3.0 |
| 8/23/98 | Draft reply brief | 2.0 |
| 8/24/98 | E/ rewrite reply brief | 4.0 |
| 8/24/98 | E/ rewrite reply brief | 2.0 |
| 8/25/98 | E/ rewrite reply brief | 5.5 |
| 8/25/98 | TC with A. Lichtenstein re: contents of reply brief | .2 |
| 8/26/98 | E/ rewrite reply brief | 3.5 |
| 8/26/98 | TC with A. Lichtenstein (2X) re: content of reply brief | .3 |
| 8/27/98 | Cite check reply brief | 2.5 |
| 8/27/98 | E reply brief - add citations to record | 1.5 |

Total = 388.1

11

**Date** 04/17/01 Case 2:97-cv-01419-DAE-LRL   Document 91-2743402   Filed 04/18/01   Page 26 of 59
**ACLU**
**Time 4:50 pm**    ⌣    **Detail Slip Listing**  ⌣    **Page** 1/2

For time: s=spent   u=unbillable e=estimated   v variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| .........................7389<br>01/04/99<br>Call with Allen Lichtenstein<br>regarding preparation for<br>argument, divide on issues | | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.40s | 80.00 |
| .........................7390<br>01/04/99<br>Review 9th Circuit's rules<br>on oral argument | | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.30s | 60.00 |
| .........................7391<br>01/04/99<br>Discuss panel with<br>colleagues in office | | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.50s | 100.00 |
| .........................7392<br>01/04/99<br>Advised of panel by G. Peck,<br>discuss panel | | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.30s | 60.00 |
| .........................7393<br>01/06/99<br>research and review 1st<br>amendment decision by<br>members of panel | | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 3.00s | 600.00 |
| .........................7394<br>01/07/99<br>Review briefs and cases<br>cited therein, outline oral<br>argument | | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 2.50s | 500.00 |
| .........................7395<br>01/08/99<br>Prepare for moot court | | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 2.00s | 400.00 |

ACLU

For time: s=spent   u=unbillable e=estimated   v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| .........................7396 01/08/99 Moot & discuss argument with colleagues | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.50s | 300.00 |
| .........................7397 01/09/99 Travel to S. F. for oral argument | | Mark Lopez Las Vegas Legal | 200.00 1 | 6.00s | 1200.00 |
| .........................7398 01/10/99 preparation for argument : review record and briefs | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.50s | 300.00 |
| .........................7399 01/11/99 preparation for argument : review record and briefs | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.00s | 400.00 |
| .........................7400 01/12/99 preparation for argument : review record & brief | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.10s | 220.00 |
| .........................7401 01/12/99 oral argument at 9th circuit | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.00s | 400.00 |
| .........................7402 01/12/99 travel to Las Vegas | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.50s | 300.00 |

For time: s=spent   u=unbillable   e=estimated   v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ..............................7403 01/13/99 Follow up meeting regarding oral argument regarding options | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.50s | 300.00 |
| ..............................7404 01/14/99 Return to NYC | | Mark Lopez Las Vegas Legal | 200.00 1 | 6.00s | 1200.00 |
| ..............................7405 02/04/99 Review Court of appeals decision | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.10s | 20.00 |
| ..............................7406 02/04/99 Discuss court of appeals opinion with co-counsel | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.30s | 60.00 |
| ..............................7407 02/04/99 discuss court of appeals opinion with legal director | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.20s | 40.00 |
| ..............................7408 02/04/99 read cases cited by court of appeals decision | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.50s | 100.00 |
| ..............................7409 03/24/99 discuss litigation options with colleagues | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.30s | 60.00 |

For time: s=spent   u=unbillable e=estimated   v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| .............................7410 03/24/99 draft strategy letter to co-counsel | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| .............................7411 04/13/99 call with Nevada co-counsel regarding meeting with T. Bice for pretrial scheduling | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.10s | 20.00 |
| .............................7412 04/14/99 call with co-counsel regarding contacting clients for pusposes of testing policies of defendants on Fremont Street | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.20s | 40.00 |
| .............................7413 04/16/99 call with co-counsel and client regarding set-up for 4/22 meeting with defendants; strategize | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.20s | 40.00 |
| .............................7414 04/22/99 meeting with counsel for defendants regarding pretrial scheduling, discovery | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| .............................7415 04/22/99 meeting with cocounsel regarding discovery, pretrial scheduling | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |

For time: s=spent  u=unbillable e=estimated  v variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ........................7416 05/10/99 draft motion to compel discovery | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| ........................7417 05/10/99 draft motion in support of discovery motion | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.50s | 500.00 |
| ........................7418 05/11/99 draft/rework  motion and brief, consult FRCP & local rules regarding Compliance for discovery disputes | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.00s | 400.00 |
| ........................7419 05/13/99 draft demand letter to T. Bice regarding restricted actvities, permission to engage in First Amendment activities | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.50s | 300.00 |
| ........................7420 05/13/99 call with A. Lichtenstein regarding content of DMD letter & discovery | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.10s | 20.00 |
| ........................7421 05/14/99 edit/rewrite  DMD letter to T. Bice | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.20s | 240.00 |
| ........................7422 05/14/99 call with A. Lichtenstein regarding DMD letter | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.30s | 60.00 |

For time: s=spent  u=unbillable e=estimated  v variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ..........................7422 cont. | | | | | |
| 05/14/99<br>call with office assistant<br>regarding edit to DMD letter | 7423 | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.20s | 40.00 |
| 05/12/99<br>edit motion and brief<br>regarding discovery | 7424 | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 1.00s | 200.00 |
| 05/17/99<br>revision of DMD letter to<br>defendants | 7425 | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.20s | 40.00 |
| 07/16/99<br>draft letter to co-counsel<br>regarding status of<br>litigation | 7426 | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.20s | 40.00 |
| 07/27/99<br>call with G. Peck regarding<br>defendant's failure to<br>adhere to injunction | 7427 | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.20s | 40.00 |
| 07/28/99<br>call with G. Peck regarding<br>defendant's failure to<br>adhere to injunction | 7428 | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.10s | 20.00 |

For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| .........................7429 07/29/99 call with co-counsel regarding decision to move for order to show cause and TRO | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.70s | 140.00 |
| .........................7430 10/14/99 call with co-counsel regarding plan to get case before court again | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.30s | 60.00 |
| .........................7431 11/15/99 research contempt standard in 9th circuit | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.00s | 400.00 |
| .........................7432 11/15/99 draft motion and memo regarding contempt | | Mark Lopez Las Vegas Legal | 200.00 1 | 4.00s | 800.00 |
| .........................7433 11/16/99 draft motion & memo regarding contempt | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.50s | 500.00 |
| .........................7434 11/17/99 edit and forward motion & memo regarding contempt | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| .........................7435 12/06/99 call with A. Lichtenstein regarding Peck deposition | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.30s | 60.00 |

For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| ........................7436<br>12/09/99<br>call with A. Lichtenstein<br>regarding Peck deposition | | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.30s | 60.00 |
| ........................7437<br>01/20/00<br>call with A. Lichtenstein<br>regarding resolution of<br>contempt issue | | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.30s | 60.00 |
| ........................7438<br>01/25/00<br>review final draft of<br>pleading resolving contempt<br>issue | | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.10s | 20.00 |
| ........................7439<br>02/02/00<br>call with Peck and<br>Lichtenstein regarding<br>harassment of clients under<br>solicitation statute | | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.30s | 60.00 |
| ........................7440<br>02/02/00<br>review/edit letter to Bice<br>regarding harrassment of<br>clients | | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.20s | 40.00 |
| ........................7441<br>09/11/00<br>call with co-counsel<br>regarding 9/14 status<br>conference | | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 0.20s | 40.00 |
| ........................7442<br>09/13/00<br>travel to Las Vegas | | Mark Lopez<br>Las Vegas<br>Legal | 200.00<br>1 | 6.00s | 1200.00 |

**ACLU**

For time: s=spent u=unbillable e=estimated v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ......................7443 09/14/00 meeting with co-counsel regarding status conference posture, status of discovery, summary judgement, site visit to Fremont Street | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.00s | 400.00 |
| ......................7444 09/14/00 status conference | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.60s | 120.00 |
| ......................7445 09/14/00 meeting with co-counsel regarding summary judgement | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| ......................7446 09/15/00 return to NYC | | Mark Lopez Las Vegas Legal | 200.00 1 | 6.00s | 1200.00 |
| ......................7447 09/21/00 review file to begin compiling documents for summary judgement | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.50s | 300.00 |
| ......................7448 09/21/00 call with A. Lichtenstein regarding harassment of clients | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.20s | 40.00 |
| ......................7449 09/26/00 review defendant's summary judgement exhibits | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.50s | 500.00 |

For time: s=spent  u=unbillable e=estimated  v variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| . . . . . . . . . . . . . . . . . . . . . . .7449 | | cont. | | | |
| . . . . . . . . . . . . . . . . . . . . . . .7450 09/27/00 update research on on-public forum cases | | Mark Lopez Las Vegas Legal | 200.00 1 | 3.00s | 600.00 |
| . . . . . . . . . . . . . . . . . . . . . . .7451 09/28/00 call with co-counsel, Peck regarding summary judgement exhibits | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.60s | 120.00 |
| . . . . . . . . . . . . . . . . . . . . . . .7452 10/02/00 update research on "facial" vs. "as applied" challenges | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.50s | 300.00 |
| . . . . . . . . . . . . . . . . . . . . . . .7453 10/02/00 review defendant's exhibits filed with summary judgement | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.50s | 500.00 |
| . . . . . . . . . . . . . . . . . . . . . . .7454 10/03/00 review defendant's exhibits filed with summary judgement | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.00s | 400.00 |
| . . . . . . . . . . . . . . . . . . . . . . .7455 10/04/00 research NRLA & Gamon | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.00s | 400.00 |

For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ............................7456 10/04/00 research on viewpoint discrimination | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.00s | 400.00 |
| ............................7457 10/05/00 research caselaw regarding content / viewpoint discrimination | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.50s | 500.00 |
| ............................7458 10/05/00 call with G. Peck (twice) regarding status of request to conduct protest | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.40s | 80.00 |
| ............................7459 10/06/00 call with co-counsel, plaintiff regarding affidavits and exhibits | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| ............................7460 10/10/00 begin draft of summary judgement memo | | Mark Lopez Las Vegas Legal | 200.00 1 | 3.00s | 600.00 |
| ............................7461 10/11/00 continue drafting summary judgement memo | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| ............................7462 10/11/00 call with G. Peck and photographer regarding exhibits | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |

For time: s=spent   u=unbillable  e=estimated   v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ..........................7463 10/11/00 letter to K. McMillan, call with Peck | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| ..........................7464 10/12/00 drafting brief  -- background and facts | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.50s | 500.00 |
| ..........................7465 10/12/00 drafting brief -- background and facts | | Mark Lopez Las Vegas Legal | 200.00 1 | 3.00s | 600.00 |
| ..........................7466 10/13/00 drafting brief -- background and facts | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.00s | 400.00 |
| ..........................7467 10/16/00 drafting / editing brief | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.00s | 400.00 |
| ..........................7468 10/17/00 research on facial vs. as applied challenges | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.00s | 400.00 |
| ..........................7469 10/18/00 drafting / editing brief | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.50s | 500.00 |

For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| .........................7470 10/19/00 drafting / editing brief | | Mark Lopez Las Vegas Legal | 200.00 1 | 3.00s | 600.00 |
| .........................7471 10/20/00 call with co-counsel and Peck | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.30s | 60.00 |
| .........................7472 10/20/00 drafting / editing brief | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.50s | 500.00 |
| .........................7473 10/23/00 draft / edit brief -- facts | | Mark Lopez Las Vegas Legal | 200.00 1 | 4.00s | 800.00 |
| .........................7474 10/23/00 draft and edit brief -- facts | | Mark Lopez Las Vegas Legal | 200.00 1 | 3.00s | 600.00 |
| .........................7475 10/23/00 call with co-counsel, photographer, Peck | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.40s | 80.00 |
| .........................7476 10/24/00 draft / edit brief -- legal | | Mark Lopez Las Vegas Legal | 200.00 1 | 4.00s | 800.00 |

**Detail Slip Listing**

For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| .........................7477 10/24/00 draft and edit brief -- legal | | Mark Lopez Las Vegas Legal | 200.00 1 | 3.00s | 600.00 |
| .........................7478 10/24/00 call with co-counsel, photographer 2x1 | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.10s | 20.00 |
| .........................7479 10/25/00 edit/ draft brief - legal | | Mark Lopez Las Vegas Legal | 200.00 1 | 4.00s | 800.00 |
| .........................7480 10/25/00 edit/draft brief -- legal | | Mark Lopez Las Vegas Legal | 200.00 1 | 3.50s | 700.00 |
| .........................7481 10/25/00 call with co-counsel, Peck regarding letter to McMillan | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| .........................7482 10/26/00 edit/draft brief | | Mark Lopez Las Vegas Legal | 200.00 1 | 4.00s | 800.00 |
| .........................7483 10/26/00 work with photographs | | Mark Lopez Las Vegas Legal | 200.00 1 | 3.50s | 700.00 |

For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| .........................7484 10/26/00 call with co-counsel, photographer and Peck 3x5 | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| .........................7485 10/27/00 work on affidavits, call with Peck, photographer, co-counsel (3x5) | | Mark Lopez Las Vegas Legal | 200.00 1 | 4.00s | 800.00 |
| .........................7486 10/27/00 work on affidavits | | Mark Lopez Las Vegas Legal | 200.00 1 | 4.00s | 800.00 |
| .........................7487 10/27/00 compile exhibits -- insert into text | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.00s | 400.00 |
| .........................7488 10/28/00 work on brief and exhibits in office | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| .........................7489 10/28/00 call with co-counsel, Peck regarding photgraphs (3x5) | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| .........................7490 10/29/00 call with A. Lichtenstein -- edit to brief, exhibits , call with with photographer (twice) | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.50s | 100.00 |

For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ........................7491 10/30/00 work with co-counsel regarding completion of brief and exhibits (4 calls) | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| ........................7492 10/30/00 edit brief | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.50s | 300.00 |
| ........................7493 10/30/00 cite check | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| ........................7494 10/30/00 table of authorities, content | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.50s | 100.00 |
| ........................7495 10/30/00 redraft Lopez declaration based on T. Bice conversation | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.50s | 100.00 |
| ........................7496 12/11/00 review defendants summary judgement brief, critique and outline response | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.50s | 500.00 |
| ........................7497 12/11/00 research on rule 26 issues raised by defendants | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.50s | 300.00 |

For time: s=spent   u=unbillable  e=estimated   v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| .......................7498 12/11/00 draft response to rule 26 and FRE objections | | Mark Lopez Las Vegas Legal | 200.00 1 | 3.00s | 600.00 |
| .......................7499 12/12/00 draft reply memo in support of motion for summry judgement -- review caselaw as needed | | Mark Lopez Las Vegas Legal | 200.00 1 | 3.00s | 600.00 |
| .......................7500 12/12/00 draft reply memo --review caselaw as needed | | Mark Lopez Las Vegas Legal | 200.00 1 | 3.00s | 600.00 |
| .......................7501 12/13/00 edit reply memo | | Mark Lopez Las Vegas Legal | 200.00 1 | 3.00s | 600.00 |
| .......................7502 12/13/00 draft/edit reply memo | | Mark Lopez Las Vegas Legal | 200.00 1 | 3.50s | 700.00 |
| .......................7503 12/14/00 draft.edit reply memo | | Mark Lopez Las Vegas Legal | 200.00 1 | 3.50s | 700.00 |
| .......................7504 12/15/00 draft/edit reply memo | | Mark Lopez Las Vegas Legal | 200.00 1 | 4.00s | 800.00 |

For time: s=spent  u=unbillable e=estimated  v variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ..........................7505 12/15/00 call with A. Lichtenstein (twice) regarding reply memo | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.30s | 60.00 |
| ..........................7506 01/05/01 review final version of reply, call with A. Lichtenstein | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.50s | 100.00 |
| ..........................7507 02/01/01 read / abstract defendant's reply memorandum | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.50s | 100.00 |
| ..........................7508 04/06/01 call with A. Lichtenstein regarding decision | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.30s | 60.00 |
| ..........................7509 04/06/01 read 4/4 decision | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.20s | 40.00 |
| ..........................7510 04/06/01 call with office regarding decision | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.10s | 20.00 |
| ..........................7511 04/10/01 call with A. Lichtenstein regarding fee petition | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.20s | 40.00 |

**Date 04/17/01** Case 2:97-cv-01419-DAE-LRL Document 91-2743402 Filed 04/18/01 Page 44 of 59
**Time 4:50 pm** — **Detail Slip Listing** — **Page 30**

ACLU

For time: s=spent   u=unbillable e=estimated   v variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| . . . . . . . . . . . . . . . . . . . . . . . .7512 04/11/01 call with G. Peck regarding decision / appeal | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.30s | 60.00 |
| . . . . . . . . . . . . . . . . . . . . . . . .7513 04/11/01 read decision | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.20s | 40.00 |
| . . . . . . . . . . . . . . . . . . . . . . . .7543 04/20/99 travel to Las Vegas for Post-remand meeting with clients, co-counsel, and defendants | | Mark Lopez Las Vegas Legal | 200.00 1 | 6.00s | 1200.00 |
| . . . . . . . . . . . . . . . . . . . . . . . .7544 04/21/99 meeting with clients, co-counsel | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.50s | 300.00 |
| . . . . . . . . . . . . . . . . . . . . . . . .7545 04/21/99 site visit to Fremont Street | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| . . . . . . . . . . . . . . . . . . . . . . . .7546 04/22/99 return travel to New York | | Mark Lopez Las Vegas Legal | 200.00 1 | 6.00s | 1200.00 |
| . . . . . . . . . . . . . . . . . . . . . . . .7547 04/10/01 call with A. Lichtenstein regarding fee petition | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.20s | 40.00 |

For time: s=spent   u=unbillable   e=estimated   v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ........................7548 04/11/01 consult FRCP and local rule regarding date for fee petition | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.20s | 40.00 |
| ........................7549 04/11/01 call with A. Lichtenstein regarding fee petition | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.20s | 40.00 |
| ........................7550 04/11/01 call with client regarding appeal option | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.20s | 40.00 |
| ........................7551 04/11/01 call with legal director regarding appeal | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.20s | 40.00 |
| ........................7552 04/12/01 assemble fees and expenses | | Mark Lopez Las Vegas Legal | 200.00 1 | 2.50s | 500.00 |
| ........................7553 04/17/01 edit fee schedule | | Mark Lopez Las Vegas Legal | 200.00 1 | 1.00s | 200.00 |
| ........................7554 04/17/01 draft affidavit | | Mark Lopez Las Vegas Legal | 200.00 1 | 0.50s | 100.00 |

For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| ........................7555 | | | 200.00 | 0.20s | 40.00 |
| 04/17/01 | | Mark Lopez | 1 | | |
| call with A. Lichtenstein | | Las Vegas | | | |
| regarding fee petition | | Legal | | | |

GRAND TOTAL

| | | | | |
|---|---|---|---|---|
| | Attorney | | 220.60s | 44120.00 |
| | Client | | | 0.00 |
| | Activity | | | 0.00 |
| | Billable | | 220.60 | 44120.00 |
| | Unbillable | | | 0.00 |

+ 388 10
608 .70

1    Allen Lichtenstein
     NV Bar No. 3992
2    3315 Russell Road #H222
     Las Vegas, Nevada 89120
3    702-433-2666

4    Mark Lopez
     American Civil Liberties Union
5    125 Broad St., 17th Floor
     New York, NY 10004
6    212-549-2608

7    Attorneys for Plaintiffs

8
                    UNITED STATES DISTRICT COURT
9
                    FOR THE DISTRICT OF NEVADA
10

11   _____
     American Civil Liberties Union of      )
     Nevada, Gary Peck, Unitarian           )
12   Universalist Social Justice Committee, )
     Paul R. Brown, The Shundahai Network,  )
13   and Greg Gable,                        )
                                            )
14        Plaintiffs,                       )
                                            )
15        vs.                               )    CV-S-97-01419-DWH  (LRL)
                                            )
16   The City of Las Vegas, Jan Laverty     )
     Jones, in her official capacity as the )
17   Mayor of Las Vegas, The Fremont Street )
     Limited Liability Corp., and Mark Paris,)
18   in his official capacity as the        )
     Executive Director of The Fremont Street)
19   Limited Liability Corp.                )
                                            )
20        Defendants.                       )
     _____)
21

22           **DECLARATION OF ALLEN LICHTENSTEIN**

23
     Allen Lichtenstein, pursuant to 28 U.S.C. § 1746, hereby makes the following declaration:
24
         1.    I am General Counsel  for the American Civil Liberties Union of Nevada, (ACLUN)
25
     and have held that position since 1997. In that capacity, I have worked on this case on behalf of the
26
     plaintiffs and make this declaration in support of the petition for fees and expenses
27
         2    I am a 1990 graduate of the Benjamin Cardozo School of Law in New York.
28
     Additionally, a received a Ph.D. in the field of Communication from Florida State University in 1978.

         3.    I am a member in good standing of the Bars of Nevada (admitted in 1990) and

1  California (admitted in 1991).

2       4.     My duties as General Counsel for the ACLU of Nevada are to litigate civil rights

3  cases on behalf of the organization and others, and to supervise all litigation for the ACLUN. The

4  ACLU of Nevada is a statewide organization devoted to the protection of civil rights and civil

5  liberties.

6       5.     In addition to my role as General Counsel for the ACLUN, I maintain a private law

7  practice in Las Vegas, NV with an emphasis on First Amendment issues.

8       6.     I have litigated approximately two dozen First Amendment cases on both the trial and

9  appellate levels, most of which involved facial and applied challenges to laws and ordinances.

10      7.     The Director of the ACLUN, Gary Peck and I requested the assistance from the

11 national ACLU legal staff because the ACLUN has limited resources to adequately litigate this

12 complex case, in light of the extensive amount of civil rights litigation that the ACLUN was already

13 involved in. In addition to my half-time position with the ACLUN, I am a solo practitioner with a

14 heavy caseload.

15      8.     The services for which I am seeking compensation involve only those associated

16 with the merits of the case and the preparation of the attorney fee petition. The actual number of hours

17 spent on this case were recorded contemporaneously, are discounted to reflect billing judgement and

18 do not duplicate the services of co-counsel. Although I had primary responsibility for marshaling facts

19 and coordinating witness testimony, I worked extensively on all facets of the case. This work included

20 consulting with clients and other relevant parties, research and preparation of briefs and other court

21 documents and consultation with co-counsel regarding strategy and legal theories.

22      9.     The rate of $200 per hour sought reflects my standard hourly rate for this type of

23 litigation and similarly reflects the rate for attorneys in Nevada with similar experience and expertise.

24      I declare under the penalty of perjury that the foregoing is true and correct.

25

26

27

28      Allen Lichtenstein

2

Allen Lichtenstein, Esq.
3315 Russell Road, #H222
Las Vegas, NV  89120


Invoice submitted to:
ACLU et al v. City of Las Vegas, et al




April 18, 2001


Invoice # 1


Professional Services

| | Hrs/Rate | Amount |
|---|---|---|
| 7/27/1997 conversation with client | 0.50<br>200.00/hr | 100.00 |
| 7/29/1997 conversation with co-counsel | 0.50<br>200.00/hr | 100.00 |
| 8/22/1997 conversation with client | 0.67<br>200.00/hr | 133.33 |
| 9/12/1997 conversation with client | 0.33<br>200.00/hr | 66.67 |
| 9/13/1997 drafted affidavit of Gary Peck and compiled exhibits | 2.50<br>200.00/hr | 500.00 |
| 9/22/1997 edited complaint | 2.00<br>200.00/hr | 400.00 |
| 11/12/1997 research re: public forum analysis | 4.75<br>200.00/hr | 950.00 |
| research re:  nature and history of pedestrian mall | 3.75<br>200.00/hr | 750.00 |
| conversation with client | 0.33<br>200.00/hr | 66.67 |

ACLU et al v. City of Las Vegas, et al                                                          Page      2

| | Hrs/Rate | Amount |
|---|---|---|
| 11/21/1997  meeting re: susbstitution of counsel | 1.50<br>200.00/hr | 300.00 |
| 12/2/1997  research re:   equal protection argument | 2.50<br>200.00/hr | 500.00 |
| 12/3/1997  conversation with client | 0.58<br>200.00/hr | 116.67 |
| 1/13/1998  reviewed defendants' motion | 1.50<br>200.00/hr | 300.00 |
| 1/14/1998  met with co-counsel re: PI morition | 0.25<br>200.00/hr | 50.00 |
|                 reviewed letter from co-counsel | 0.25<br>200.00/hr | 50.00 |
| 1/16/1998  reviewed defendants' motion with cient | 2.00<br>200.00/hr | 400.00 |
| 1/18/1998  edited and revised PI motion and prepared for filing | 5.00<br>200.00/hr | 1,000.00 |
| 1/20/1998   researched issue re:  defendants' motion | 4.00<br>200.00/hr | 800.00 |
| 1/23/1998  conversation with co-counsel | 1.17<br>200.00/hr | 233.33 |
| 2/3/1998  conversation with co-counsel | 0.25<br>200.00/hr | 50.00 |
| 2/7/1998  finalized reply to PI motion | 3.00<br>200.00/hr | 600.00 |
| 2/12/1998  conversations with co-counsel | 1.25<br>200.00/hr | 250.00 |
| 2/14/1998  conversations with co-counsel | 0.17<br>200.00/hr | 33.33 |
| 2/15/1998  conversation with client | 0.58<br>200.00/hr | 116.67 |
| 2/17/1998  conversation  with co-counsel | 0.17<br>200.00/hr | 33.33 |

ACLU et al v. City of Las Vegas, et al                                          Page      3

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 2/18/1998 | conversation with co-counsel | 0.25 200.00/hr | 50.00 |
|  | conversation with client | 0.83 200.00/hr | 166.67 |
| 2/20/1998 | travel to Reno for oral argument | 0.03 200.00/hr | 5.00 |
|  | meeting with co-counsel for oral argumentprep | 1.50 200.00/hr | 300.00 |
|  | oral argument | 1.50 200.00/hr | 300.00 |
|  | debreiefing re: oral argument | 0.02 200.00/hr | 3.33 |
| 2/21/1998 | conversation with client | 0.33 200.00/hr | 66.67 |
| 4/28/1998 | reviewed decision | 1.50 200.00/hr | 300.00 |
|  | conversations with co-counsel | 1.00 200.00/hr | 200.00 |
|  | conversation with client | 0.25 200.00/hr | 50.00 |
| 4/29/1998 | conversations with co-counsel & client | 0.75 200.00/hr | 150.00 |
|  | prepared material for notice of appeal | 0.75 200.00/hr | 150.00 |
| 5/22/1998 | called to Fremont Street Experience re: harrassment of medical marijuana petitioners - | 1.50 200.00/hr | 300.00 |
| 5/23/1998 | conducted interviews of harrassed petitioners | 2.33 200.00/hr | 466.67 |
| 5/24/1998 | conducted interviews of rest of harrassed petitioners | 0.83 200.00/hr | 166.67 |
|  | conversation with client | 1.42 200.00/hr | 283.33 |

ACLU et al v. City of Las Vegas, et al                                           Page      4

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 5/26/1998 | conversations with co-counsel | 0.17<br>200.00/hr | 33.33 |
| 6/3/1998 | conversations with co-counsel | 0.17<br>200.00/hr | 33.33 |
| 6/5/1998 | conversation with co-counsel | 0.33<br>200.00/hr | 66.67 |
| 6/6/1998 | conversation with co-counsel | 0.83<br>200.00/hr | 166.67 |
| 6/7/1998 | conversation with co-counsel | 0.25<br>200.00/hr | 50.00 |
| 6/8/1998 | conversation with co-counsel | 0.50<br>200.00/hr | 100.00 |
|  | conversation with client | 0.33<br>200.00/hr | 66.67 |
| 7/23/1998 | conversation with co-counsel | 0.25<br>200.00/hr | 50.00 |
| 7/31/1998 | conversation with co-counsel | 0.25<br>200.00/hr | 50.00 |
|  | conversation with client | 0.33<br>200.00/hr | 66.67 |
| 8/5/1998 | conversation with co-counsel | 0.25<br>200.00/hr | 50.00 |
| 8/10/1998 | conversation with co-counsel | 0.25<br>200.00/hr | 50.00 |
| 8/19/1998 | conversation with co-counsel | 0.25<br>200.00/hr | 50.00 |
| 8/20/1998 | conversation with co-counsel | 0.25<br>200.00/hr | 50.00 |
|  | conversation with client | 0.25<br>200.00/hr | 50.00 |
| 8/25/1998 | conversation with co-counsel | 0.25<br>200.00/hr | 50.00 |

ACLU et al v. City of Las Vegas, et al                                                    Page     5

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 8/26/1998 | conversations with co-counsel | 0.33 200.00/hr | 66.67 |
| 10/16/1998 | researched 1st amendment issue re: leafletting | 4.50 200.00/hr | 900.00 |
| 10/19/1998 | researched equal protection issue | 4.33 200.00/hr | 866.67 |
| 1/6/1999 | conversation with Mark Lopez | 0.67 200.00/hr | 133.33 |
|  | conversation with client | 0.50 200.00/hr | 100.00 |
| 1/7/1999 | preparation for oral argument | 3.67 200.00/hr | 733.33 |
|  | met with clients re: 9th Circuit panel | 0.50 200.00/hr | 100.00 |
| 1/8/1999 | prepared oral argument with co-counsel | 0.75 200.00/hr | 150.00 |
|  | conversation with client | 0.33 200.00/hr | 66.67 |
| 1/11/1999 | travel to SF for oral argument | 1.83 200.00/hr | 366.67 |
|  | preparation of oral argument | 2.25 200.00/hr | 450.00 |
| 1/12/1999 | oral argument | 2.00 200.00/hr | 400.00 |
|  | returned to LV | 1.83 200.00/hr | 366.67 |
| 1/13/1999 | conversation with client | 0.33 200.00/hr | 66.67 |
| 2/2/1999 | reviewed and researched 9th Circuit decision | 4.25 200.00/hr | 850.00 |
|  | conversation with client | 1.00 200.00/hr | 200.00 |

ACLU et al v. City of Las Vegas, et al                                    Page      6

|  | Hrs/Rate | Amount |
|---|---|---|
| 3/29/1999 reviewed letter from co-counsel | 0.25 200.00/hr | 50.00 |
| 4/13/1999 conversation with co-counsel re: conference | 0.17 200.00/hr | 33.33 |
| 4/14/1999 conversation with co-counsel re: strategy | 0.33 200.00/hr | 66.67 |
| 4/16/1999 conversation with co-counsel & client re: conference | 0.33 200.00/hr | 66.67 |
| 4/22/1999 early case conference | 1.17 200.00/hr | 233.33 |
| meeting with co-counsel re: discovery | 0.50 200.00/hr | 100.00 |
| reviewed letter from Todd Bice to Mark Lopez | 0.25 200.00/hr | 50.00 |
| 5/13/1999 conversation with co-counsel re: letter to Defendants' counsel | 0.17 200.00/hr | 33.33 |
| 7/17/1999 called to Fremont Street Experience re: harrassment of religious leafletters | 2.00 200.00/hr | 400.00 |
| 7/18/1999 interviewed religious leafletters re: harrassment | 2.50 200.00/hr | 500.00 |
| 7/19/1999 reviewed letter from co-counsel | 0.25 200.00/hr | 50.00 |
| 7/29/1999 conversation with co-counsel re: strategy | 1.25 200.00/hr | 250.00 |
| 10/14/1999 conversation with co-counsel re: strategy | 0.50 200.00/hr | 100.00 |
| 10/29/1999 interview/ affidavit: Sara Anderson,, Paul Tompkins, Misty Nash, Lauren Varner re: harrassment while leafletting | 3.25 200.00/hr | 650.00 |
| conversation with client | 0.33 200.00/hr | 66.67 |
| 11/21/1999 conversation with client | 0.33 200.00/hr | 66.67 |

ACLU et al v. City of Las Vegas, et al

| | Hrs/Rate | Amount |
|---|---|---|
| 11/22/1999 research re: Motion for Contempt | 3.50<br>200.00/hr | 700.00 |
| conversation with client | 0.50<br>200.00/hr | 100.00 |
| 11/23/1999 edited and finalized Motion for Contempt | 3.83<br>200.00/hr | 766.67 |
| 12/6/1999 conversation with client | 0.25<br>200.00/hr | 50.00 |
| 12/7/1999 meeting with Gary Peck re: deposition | 3.50<br>200.00/hr | 700.00 |
| 12/8/1999 deposition of Gary Peck | 8.00<br>200.00/hr | 1,600.00 |
| 12/9/1999 conversation with  co-counsel re: Peck deposition | 0.50<br>200.00/hr | 100.00 |
| meeting with Gary Peck re: deposition & discovery | 2.50<br>200.00/hr | 500.00 |
| 12/22/1999 conversation with Defendants' counsel re:  contempt motion | 0.17<br>200.00/hr | 33.33 |
| 12/29/1999 conversation with Defendants' counsel re: stipulation | 0.08<br>200.00/hr | 16.67 |
| 1/12/2000  drafted stipulation to end contempt issue | 1.75<br>200.00/hr | 350.00 |
| 1/15/2000 conversation with client | 0.25<br>200.00/hr | 50.00 |
| 1/20/2000 conversation with co-counsel re: contempt issue | 0.50<br>200.00/hr | 100.00 |
| 1/23/2000 conversation with Defendants' counsel re:  contempt motion | 0.08<br>200.00/hr | 16.67 |
| conversation with client | 1.25<br>200.00/hr | 250.00 |
| 3/3/2000 letter to defendants' counsell re: harrassment of leafletters | 1.75<br>200.00/hr | 350.00 |

ACLU et al v. City of Las Vegas, et al

Page    8

| | Hrs/Rate | Amount |
|---|---|---|
| 3/4/2000  conversation with client | 0.83<br>200.00/hr | 166.67 |
| 9/11/2000  conversation with co-counsel re: status conference | 0.33<br>200.00/hr | 66.67 |
| 9/21/2000  conversation with co-counsel & client re: SJ brief | 0.67<br>200.00/hr | 133.33 |
| reviewed case file | 3.50<br>200.00/hr | 700.00 |
| 9/28/2000  conversation with co-counsel & client re: SJ brief | 0.67<br>200.00/hr | 133.33 |
| 10/6/2000  conversation with co-counsel re: SJ motion and exhibits | 1.00<br>200.00/hr | 200.00 |
| 10/11/2000  reviewed letter from Mark Lopez to Defendants' counsel | 0.33<br>200.00/hr | 66.67 |
| 10/20/2000  conversation with co-counsel re: SJ motion and exhibits | 0.33<br>200.00/hr | 66.67 |
| 10/23/2000  conversation with co-counsel and client re: SJ motion and exhibits | 0.50<br>200.00/hr | 100.00 |
| 10/24/2000  interviewed Joey Cohn, Alina Shell & Gary Peck re: harassment | 2.50<br>200.00/hr | 500.00 |
| 10/25/2000  conversation with co-counsel and client | 1.00<br>200.00/hr | 200.00 |
| 10/26/2000  conversation with co-counsel and client & Harold Langert re: photograph exhibits | 1.00<br>200.00/hr | 200.00 |
| 10/27/2000  interviewed and prepared affidavit of Reinhard Knutson | 2.50<br>200.00/hr | 500.00 |
| prepared affirmation of Allen Lichtenstein with exhibits | 1.67<br>200.00/hr | 333.33 |
| conversation with client | 1.50<br>200.00/hr | 300.00 |
| 10/28/2000  conversation with co-counsel and client  re: photograph exhibits | 0.83<br>200.00/hr | 166.67 |

ACLU et al v. City of Las Vegas, et al

| | Hrs/Rate | Amount |
|---|---|---|
| 10/29/2000 revised SJ brief | 3.00 200.00/hr | 600.00 |
| 10/30/2000 finalized revisions to SJ brief | 2.50 200.00/hr | 500.00 |
| reviewed affidavits/declarations of of Mark Lopez, Greg Gable | 1.50 200.00/hr | 300.00 |
| 10/31/2000 prepared affidavits of Joey Cohn, Alina Shell & Gary Peck with exhibits | 4.75 200.00/hr | 950.00 |
| prepared affidavit of Harold Langert with exhibits | 2.00 200.00/hr | 400.00 |
| 11/1/2000 prepared SJ motion and exhibits for filing | 2.83 200.00/hr | 566.67 |
| 12/11/2000 reviewed defendants' opposition and countermotion for SJ | 2.00 200.00/hr | 400.00 |
| 12/12/2000 reviewed caselaw cited in defendants' brief & researched issues raised by defendants | 4.50 200.00/hr | 900.00 |
| 12/15/2000 2 conversations with co-counsel regarding Plaintiffs' opposition/reply brief | 0.42 200.00/hr | 83.33 |
| 12/26/2000 revised Plaintiffs' opposition/reply | 4.75 200.00/hr | 950.00 |
| 12/27/2000 finalized Plaintiffs' opposition/reply & prepared for filing | 3.00 200.00/hr | 600.00 |
| 1/7/2001 conversation with defendants consel re: stipulation | 0.08 200.00/hr | 16.67 |
| 1/15/2001 conversation with defendants consel re: stipulation | 0.08 200.00/hr | 16.67 |
| 1/29/2001 reviewed defendants' reply brief | 1.75 200.00/hr | 350.00 |
| 4/6/2001 conversation with co-counsel re: judgment | 0.33 200.00/hr | 66.67 |
| reviewed Courts decision | 0.50 200.00/hr | 100.00 |

ACLU et al v. City of Las Vegas, et al                                            Page     10

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 4/9/2001 | met with clients to discuss order and possible attorney fees and appeal | 3.00<br>200.00/hr | 600.00 |
| 4/10/2001 | conversation with co-counsel re: fee petition | 0.50<br>200.00/hr | 100.00 |
| 4/11/2001 | conversation with co-counsel re: fee petition | 0.25<br>200.00/hr | 50.00 |
| 4/15/2001 | drafted motion for attorney fees | 3.17<br>200.00/hr | 633.33 |
| 4/16/2001 | edit and compile fee schedule | 1.83<br>200.00/hr | 366.67 |
|  | drafted affidavit | 1.00<br>200.00/hr | 200.00 |
| 4/18/2001 | reviewed interrogatories | 0.50<br>200.00/hr | 100.00 |
|  | For professional services rendered | 193.66 | $38,741.72 |
|  | Balance due |  | $38,741.72 |