# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AMERICAN CIVIL LIBERTIES UNION OF NEVADA, et al.;

Plaintiffs,

v.

CITY OF LAS VEGAS, et al.,

Defendant(s).

CV-S-97-1419-DWH(LRL)

**ORDER**

Before the court is plaintiffs' motion for attorneys' fees and costs (#91). Defendants opposed (#96) and plaintiffs replied (#102). Plaintiffs also filed an errata (#100) attaching a complete set of billing records. Plaintiffs' motion is granted as outlined below.

## I. Factual Background

Plaintiffs brought First Amendment and Equal Protection challenges to the regulations and policies governing the Fremont Street Experience. On April 24, 1998, the court granted preliminary injunction to plaintiffs. *See American Civil Liberties Union of Nevada v. City of Las Vegas*, 13 F.Supp.2d 1064 (D. Nev. 1998). In its order, the court found that, as to the anti-leafleting ordinance and the licensing scheme governing mall vending, plaintiffs established a likelihood of success on the merits and a possibility of irreparable harm. *Id.* at 1072. The court enjoined the enforcement of these provisions. The plaintiffs appealed the decision to the Ninth Circuit, and defendants cross-

appealed. The Ninth Circuit, in an unpublished decision, dismissed the appeals. *American Civil Liberties Union v. City of Las Vegas*, 168 F.3d 497 (9th Cir. 1999).

In a settlement conference, the parties agreed the case could be resolved by cross motions for summary judgment. On April 4, 2001, the court granted partial summary judgments to each side. In its order, the court held that the anti-leafleting provision violated Equal Protection and the First Amendment, and that the restrictions concerning mall vending violated the First Amendment. The court permanently enjoined the enforcement of these provisions. (*See generally* Order (#89).) Plaintiffs now move for attorneys' fees.

## II. Analysis

### A.  42 U.S.C. § 1988

Pursuant to statute, "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. In the absence of special circumstances that would make such an award unjust, a prevailing plaintiff should normally recover a reasonable attorney's fee. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

The procedure for setting a reasonable attorney's fee is outlined in *Morales v. City of San Rafael*, 96 F.3d 359, 363-65 & nn. 8-12 (9th Cir. 1996): (1) determine the number of hours the prevailing party reasonably expended on the litigation; (2) determine the reasonably hourly rate; (3) multiply the number of hours by the hourly rate to determine the "lodestar"; and (4) if necessary to the setting of a reasonable fee, adjust the lodestar.

### B.  Plaintiffs are Prevailing Parties under Section 1988

As noted above, a plaintiff must be a prevailing party to recover under section 1988. Prevailing parties are defined as ones who "'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" *Hensley*, 461 U.S. at 433 (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978)).

Here, plaintiffs successfully challenged the anti-leafleting ordinance, L.V.M.C. § 11.68.100(I), and the mall vending ordinance, L.V.M.C. § 11.68.100(B). The court issued

permanent injunctions with respect to both provisions. (Order (#89), at 18.) Defendants do not contend that plaintiffs are not prevailing parties. (Defs.' Opp'n to Pls.' Mot. for Att'ys Fees & Costs (#96), at 5.) Accordingly, plaintiffs are prevailing parties and entitled to a reasonable fees and expenses award. *Hensley*, 461 U.S. at 433.

### C. Calculation of the Lodestar

As noted above, a prevailing party is normally entitled to a reasonable fee based upon the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Additionally, hours that were not "reasonably expended" should be deducted. Hours not reasonably expended accrue where cases are overstaffed or managed by an attorney with little experience. Fees for hours that represent work that is excessive, redundant or otherwise unnecessary should also be excluded. *Id.* at 434.

#### 1. Reasonable Hours

In total, plaintiffs seek an award of $160,481.72 in fees, based upon 608.7 hours of billed time for Mark Lopez and 195.41 billed hours for Allen Lichtenstein. Plaintiffs also seek an award of $11,382.53 in costs to the American Civil Liberties Union. (*See generally* Errata (#100).) In their opposition, defendants make the following several challenges to specific items billed, and argue the hours claimed by plaintiffs were not "reasonably expended."

##### a. Plaintiffs' Unfiled Motions

In their motion for fees and costs, plaintiffs seek compensation for 23.42 hours spent on preparing a Motion for Contempt. However, the parties settled that dispute without filing the motion, and agreed that each party would assume their own fees and costs related to the motion. (Stipulation & Order Resolving Mot. for Contempt (#72), at 3.) In their reply, plaintiffs concede that these hours were erroneously included in their request for fees and costs. (Reply Mem. in Supp. of Pls.' Mot. for Att'ys Fees & Expenses (#102), at 9 n.3.) Accordingly, those hours will not be included the final calculation.

Defendants argue that the 6.50 hours billed by Lopez for developing plaintiffs' unfiled Motion to Compel should also be deducted because this motion was clearly unnecessary as evidenced by the fact that it was never filed. Plaintiffs have not provided any justifications for the

3

time spent on the motion. Thus, in the absence of contrary evidence from plaintiffs, these hours will be deducted.

### b. Plaintiffs' Appeals

Additionally, plaintiffs are requesting 175.61 hours for the time spent on their appeal of this court's preliminary injunction order. Following oral argument, the Ninth Circuit dismissed the appeal in an unpublished opinion. In its appeal, the ACLU argued for a de novo review of this court's preliminary injunction decision. Because the proper standard of review for a grant or denial of preliminary relief is abuse of discretion, the Ninth Circuit dismissed the ACLU's appeals and stated they have "expressly rejected ACLU's argument" in prior cases. *American Civil Liberties Union v. City of Las Vegas*, 168 F.3d 497 (9th Cir. 1999).

In *Atkins v. Apfel*, the Ninth Circuit extended the *Hensley* decision's mandate of overall reasonableness of a fee award to fees incurred on an unsuccessful appeal. 154 F.3d 986, 988-990 (9th Cir. 1998). The court explained, a "district court [is] required to consider the results achieved on appeal when determining whether those fees [are] reasonable." *Id.* at 989. Such an approach is consistent with *Hensley*'s requirement that "[t]he district court should 'make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.'" *Id* (quoting *Hensley*, 461 U.S. at 437). In an earlier case, the Ninth Circuit similarly held that a district court did not abuse its discretion in excluding hours spent on an unsuccessful appeal because "nothing associated with the appeal contributed to any favorable result achieved by the litigation." *Clark v. City of Los Angeles*, 803 F.2d 987, 993 (9th Cir. 1986).

Plaintiffs argue that the hours spent on the appeal should not be excluded for the mere reason that plaintiffs chose to appeal first and that these hours would have been incurred had the defendants simply filed their appeal first. Plaintiffs further argue that they successfully opposed defendants' attempt to vacate the partial preliminary injunction. (Reply Mem. in Supp. of Pls.' Mot. for Att'ys Fees & Expenses (#102), at 10-11.) However, plaintiffs are side-stepping the real issue in evaluating the reasonableness of these hours — i.e. the results obtained on the plaintiffs' appeal. A review of the Ninth Circuit opinion reveals that plaintiffs made an incorrect argument on appeal and as a result did not obtain any favorable results. Accordingly, the 175.61 hours relating to the appeal will be

1 discounted from the final hours total. Of those hours, 141.30 were billed by Lopez and 35.31 by Lichtenstein.

### c. Counsel's Travel Time

Defendants contend that Lopez' travel to Nevada was excessive and unnecessary and request those hours be eliminated. (Defs.' Opp'n to Pls.' Mot. for Att'ys Fees & Costs (#96), at 13.) However, the court finds these hours are compensable and not excessive in considering that this case spanned over three years and the occasions when Lopez traveled to Nevada involved visits to the Fremont Street site and court appearances.

This court has previously held that compensation for travel time is appropriate and has allowed up to six hours to be claimed per attorney or staff member per day. *Ilick v. Miller*, 68 F.Supp.2d 1169, 1178 (D. Nev. 1999). Accordingly, 4.50 hours will be deducted to reflect the three occasions where plaintiffs billed for travel in excess of six hours for one day.[1]

### d. Routine and Clerical Tasks

Defendants contend that hours billed by Lopez for routine and clerical tasks should also not be considered in the fee award. In that regard, defendants identify billing entries for cite checking briefs, drafting the fees petition and working with photographs that total 14.50 hours. (Defs.' Opp'n to Pls.' Mot. for Att'ys Fees & Costs (#96), at 12-13.) The court disagrees with defendants and will not deduct these hours. In *Davis v. City and County of San Francisco*, the Ninth Circuit specified that purely clerical tasks such as filing motions should not be compensable merely because an attorney does it. 976 F.2d 1536, 1543 (9th Cir. 1992) (citing *Missouri v. Jenkins*, 491 U.S. 274 (1989)). However, the items that defendants identify are not purely clerical tasks but may be tasks that a less experienced attorney or law clerk could perform. While this may be true, the court will not reduce the hours on this basis because that would ignore the equally logical conclusion that while a less experienced attorney or law clerk could perform these tasks, it may take them more time and result in a similar billing amount. This is especially true with regard to the preparation of the photographic exhibits. This task required a familiarity of the case that Lopez already possessed.

---

[1] The court has already deducted the travel time logged by Lopez relating to the appeal. *See supra* II.C.1.b.

5

*See, e.g, Powell v. United States Dep't of Justice*, 569 F.Supp. 1192, 1202-1203 (D.C.Cal.1983) (compensating counsel for hours spent indexing and organizing discovery)).

### e. Inadequately Described Hours

Defendants also contend that a number of hours bills are not adequately described and should be discounted. The court disagrees, and will not deduct any hours on this basis.

In *Hensley*, the Supreme Court explained that fee applicants carry the burden of justifying the hours spent on the litigation, and to meet this burden, must submit "evidence supporting the hours worked and the rates claimed," *Hensley*, 461 U.S. at 433, but fee applicants are not "required to record in great detail how each minute of his time was expended." *Id.* at 437 n.12. The Ninth Circuit has further clarified "plaintiff's counsel can meet [this] burden — although just barely — by simply listing his hours and 'identify[ing] the general subject matter of his time expenditures.'" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Davis*, 976 F.2d at 1542). In determining the sufficiency of billing items, the focus is whether they are sufficiently described to enable the court to evaluate the reasonableness of the time billed. *Hensley*, 461 U.S. at 433. *See also Gates v. Gomez*, 60 F.3d 525, 534-536 (9th Cir. 1995) (upholding fee award that included billings for "client communication" because the cumulative effect of the records was sufficient to establish their reasonableness).

Based upon the foregoing, the court finds that plaintiffs' billing items were sufficiently described. For example, Lopez documented the subject of his conversations and meetings on all but a few occasions. While Lichtenstein could have been more descriptive, the court find that his statements, such as "telephone conference with client," are minimally satisfactory.

### f. Time Charged for Researching and Drafting Briefs

Next, defendants challenge the amount of time plaintiffs billed in preparing motions, specifically the summary judgment motion. While defendants maintain that plaintiffs spent over 100 hours preparing the motion, the court finds that Lopez billed approximately 60 hours for the preparation of the summary judgment motion, while Lichtenstein billed approximately 16.6 hours

6

for preparing affidavits and revising the brief and reply brief.[2] (Errata (#100) (counsels' entries between 9/21/00 - 2/1/01).)

The measure of the reasonableness of any hours billed is whether the hours could properly be passed on to a client. *Hensley*, 461 U.S. at 434. Under this standard, the court finds that these hours are not excessive. Rather, the court recognizes that, because the parties agreed to dispose of the case by cross-summary judgment motions in lieu of a trial, this would require additional time and energies to be spent on creating a strong motion and comprehensive replies and oppositions. This fact lends to the reasonableness of the hours billed, and no hours will be deducted on this basis.

To summarize the above discussion, the following tables outline the number of hours to be deducted from both counsels' fee award.

| Hours Deducted from M. Lopez | |
|---|---|
| **Description of Hours** | **Hours Deducted** |
| Motion to Compel Discover | 6.50 |
| Motion for Contempt | 10.60 |
| Dismissed Appeal | 141.30 |
| Travel hours in excess of 6.0/day (12/11/97, 2/19/98, 2/21/98) | 4.50 |
| | **Total Hours Deducted: 162.90** |

| Hours Deducted from A. Lichtenstein | |
|---|---|
| **Description of Hours** | **Hours Deducted** |
| Motion for Contempt | 12.82 |
| Dismissed Appeal | 35.31 |
| | **Total Hours Deducted: 48.13** |

**2.     Reasonable Rate**

For the purposes of § 1988, "attorney's fees are to be calculated according to the 'prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel.'" *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (quoting *Blum v. Stenson*,

---

[2] The remaining hours defendants allege to have been spent on the summary motion appear to have been spent on drafting a reply and an opposition.

7

465 U.S. 886, 895 (1984)).

The defendants do not object to the reasonableness of the $200.00 hourly rate charged by Lopez. However, they do argue that Lichtenstein, as local counsel, is only entitled to an hourly fee of $125.00 pursuant to this court's decision in *Ilick v. Miller*, 68 F.Supp.2d 1169, 1176-1177 (D. Nev. 1999). In *Ilick*, this court found a rate of $125.00 to be reasonable for local counsel in the Las Vegas area. *Id.* The court believes this is also a reasonable rate for Lichtenstein.

### D. Adjusting the Lodestar

While the lodestar is presumed to be the one reasonable fee, some adjustments are appropriate. First, the amount should be considered in light of the LR 54-16 factors[3] not already subsumed in the lodestar determination. See *Snell v. Reno Hilton Resort*, 930 F.Supp. 1428, 1432-33 (D.Nev. 1996) (listing factors subsumed in the lodestar figure). In addition, the court should consider the results obtained by the plaintiff and reduce the fees where appropriate. *Morales*, 96 F.3d at 363-365. When a plaintiff wins on some claims and loses on others, the plaintiff may recover on the unsuccessful claims only if they are legally or factually related to the prevailing claim. In that case, however, the court must consider the overall success of the lawsuit. *Hensley*, 461 U.S. at 434-35. On the issue of "relatedness" of successful and unsuccessful claims, the Ninth Circuit has held:

> The test for relatedness of claims is not precise. However, related claims will involve "a common core of facts" or will be based on related legal theories, while unrelated claims will be "distinctly different," and based on different facts and legal theories. . . . Thus, the test is whether relief sought on the unsuccessful claim "is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised."

*Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986) (citations omitted).

In this case, plaintiffs' claims involved "a common core of facts" since they all involved the Fremont Street Experience and the regulations governing it. Additionally, plaintiffs' claims were based upon related legal theories.

Although plaintiffs' successful and unsuccessful claims are related, the court must still

---

[3] In essence, LR 54-16 is a codification of the 12 *Kerr* factors. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

8

1 consider the overall success of plaintiffs' lawsuit to determine if a full award of the requested fees is
2 warranted. *Hensley,* 461 U.S. at 434-437. In evaluating this prong, the court must "compare the
3 overall relief eventually obtained by the plaintiff to the relief originally requested, and gauge the
4 award accordingly." *Toussaint v. McCarthy,* 826 F.2d 901, 905 (9th Cir. 1987). However, the
5 assessment of the results obtained should also include the benefits conferred on other members of
6 society by winning a civil rights claim. *Morales,* 96 F.3d at 365 n.12 (quoting *McGinnis v. Kentucky*
7 *Fried Chicken of California,* 51 F.3d 805, 810 (9th Cir. 1994)).

8 Defendants contend that plaintiffs achieved marginal success and the lodestar should be
9 reduced by 75%. Defendants argue that plaintiffs really only succeeded on a few minor claims, and
10 they lost their most important contention that Fremont Street is a public forum, and hence only
11 minimal government restrictions are allowed. (Defs.' Opp'n to Pls.' Mot. for Att'ys Fees & Costs
12 (#96), at 15-17.)

13 In reply, plaintiffs argue that a downward adjustment is inappropriate because they won
14 "'substantial' relief on a 'major' issue even though [they didn't] prevail on every contention." (Reply
15 Mem. in Supp. Of Pl.'s Mot. for Att'ys Fees and Expenses (#102), at 5.) In that regard, plaintiffs
16 contend they obtained excellent results because they "have won the right to engage in certain First
17 Amendment activities on Fremont Street — even though the court held that Fremont Street was not a
18 public forum." (*Id.* at 6.)

19 The court disagrees with the plaintiffs' characterization of the extent of their successes, and
20 finds that a reduction in the lodestar is appropriate. Plaintiffs challenged the following regulations
21 and policies governing the Fremont Street Experience: (1) the anti-leafleting provision (LVMC §
22 11.68.100(I)), (2) the anti-solicitation provision (LVMC § 10.44.030), (3) the discretion afforded the
23 FSELLC in regulating mall vending (LVMC §§ 11.68.070(H), 11.68.100(B)), (4) the ban on tables
24 in the Fremont Street (LVMC § 11.68.100(H)), and (5) the authority given to FSELLC in restricting
25 the right to assemble. The plaintiffs argued that these policies and regulations violated the First
26 Amendment. Additionally, the plaintiffs argued the anti-leafleting regulation violated the Equal
27 Protection Clause. (Compl. (#1), at ¶¶ 36-42.)

28 On summary judgment, the court found the anti-leafleting provision violated the First

9

1  Amendment as well as the Equal Protection Clause, and that the mall vending provision with respect
2  to its potential restrictions on the sale of merchandise that carried a religious, political, philosophical
3  or ideological message violated the First Amendment. (Order (#89), at 8-12, 15-16.) The court
4  permanently enjoined enforcement of LVMC § 11.68.100(I) and LVMC § 11.68.100(B). (*Id.* at 18.)
5  Plaintiffs lost on their remaining challenges. As a result of their litigation, plaintiffs and others are
6  able to distribute materials within the Fremont Street Experience and can not be prevented from
7  selling materials solely because they convey a religious, political, ideological or philosophical
8  message. However, in viewing the sweeping allegations of constitutional violations in their
9  complaint, the limited nature of plaintiffs' success is apparent. (Compl. (#1), at ¶¶ 36-42.) Thus, the
10 lodestar amount will be reduced by 25%. In multiplying the reasonable hours as determined above
11 by counsels' respective reasonable hourly rates and taking into account the 25% lodestar reduction,
12 the court awards fees in the following amounts: (1) $66,870.00 to Lopez; and (2) $13,807.50 to
13 Lichtenstein.

### E.  ACLU's Request for Costs & Expenses

15     Additionally, plaintiffs request an award of $11,382.53 in costs to the ACLU. Chiefly,
16 plaintiffs seek reimbursement for: (1) travel expenses not pertaining to their appeal (airfare, lodging,
17 meals, cabfare); (2) FedEx shipments; (3) costs pertaining to photo exhibits; (4) expenses pertaining
18 to their appeal (filing, travel expenses), (5) service fees, and (6) long distance telephone charges.
19 (*See* Errata (100).)

20     Defendants argue that plaintiffs should not receive costs because they failed to comply with
21 Local Rule 54, and as a result the court is unable to evaluate the reasonableness of these charges.
22 (Defs.' Opp'n to Pls.' Mot. for Att'ys Fees & Costs (#96), at 17.) In reviewing plaintiffs' motion
23 and reply, the court agrees with defendants in part and grants partial costs to plaintiffs.

24     There are two procedures for recovering costs and expenses in a civil rights case. Under
25 section 1988, prevailing parties "may recover as part of the award of attorney's fees those out-of-
26 pocket expenses that 'would normally be charged to a fee paying client.'" *Harris v. Marhoefer*, 24
27 F.3d 16, 19 (9th Cir. 1994) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205 1216 n.7 (9th
28 Cir. 1986) *reh'g denied and opinion amended*, 808 F.2d 1373 (9th Cir. 1987)). Section 1988 allows

for reimbursement of costs that are not taxable under Fed. R. Civ. P. 54(d)(1) provided the expense was "'reasonable and necessarily incurred in the client['s] interest.'" *Marsh v. Digital Equip. Corp.*, 699 F.Supp. 1411, 1416 (D. Ariz. 1988) (quoting *Cantrell v. Vickers*, 524 F.Supp. 312, 319 (N.D. Miss. 1981)). However, costs specified as taxable are to be submitted through a bill of cost to the clerk of the court. *See* Fed. R. Civ. P. 54, LR 54-1 through 54-15. *See also United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (holding that "[o]ut-of-pocket litigation expenses are reimbursable as part of the attorneys' fee, distinct from the costs already awarded to plaintiffs under 28 U.S.C. § 1920.").

Some of plaintiffs' charges are taxable costs that were required to be submitted in a bill of costs. *See* AO 133 Bill of Costs; LR 54-1 through 54-15. Since plaintiffs failed to provide a bill of costs, these costs will be denied. The taxable costs total $2,356.82 and are listed below.

| Taxable Costs under LR 54-1 through 54-15 |||
| --- | --- | --- |
| **Date** | **Description of Cost** | **Amount** |
| 10/27/97 | Service of Processing Fees | $77.00 |
| 2/18/98 | color photo exhibits | 523.60 |
| 2/18/98 | photographer fee | 350.00 |
| 11/1/00 | payment to Langert for photographic exhibits | 1,000.00 |
| 11/15/00 | payment to Lichtenstein for photo exhibits | 186.94 |
| 12/4/00 | fees Langert paid for film processing | 219.28 |

**TOTAL: $2,356.82**

Of the remaining expenses, the court will only disallow the expenses relating to plaintiffs' appeal. Since plaintiffs did not obtain any favorable results on appeal and were not awarded attorneys' fees incurred in the appeal, the court will also not award expenses related to the appeal. In that regard, the court has determined that those expenses relating to the appeal total $1,719.07. In addition, there was a $218.28 charge for copying and binding on November 20, 1998 as well as a computer research fee on December 15, 1998 for $1,388.13. Since plaintiffs do not specify the purpose of these charges and it appears to the court that they concern the appeal, it will be presumed

11

they do and they will be excluded. In sum, $3,325.48 will be deducted from ACLU's cost award as costs relating to plaintiffs' unsuccessful appeal.

| Expenses Relating to Appeal | | |
|---|---|---|
| **Date** | **Description of Cost** | **Amount** |
| 7/24/98 | payment to court of appeals for admission | $40.00 |
| 11/20/98 | copying and binding fee | 218.28 |
| 12/15/98 | computerized research | 1,388.13 |
| 1/9/99 | taxi-home to NWK airport | 50.00 |
| 1/9/99 | airfare | 439.50 |
| 1/9/99 | car rental | 97.56 |
| 1/9/99 | Juliana Hotel in San Francisco | 565.59 |
| 1/9/99 | lunch/dinner | 30.00 |
| 1/9/99 | lunch/dinner | 39.69 |
| 1/11/99 | lunch/dinner | 115.05 |
| 1/12/99 | dinner M. Lopez, Lichtenstein, Peck | 86.53 |
| 1/12/99 | parking at courthouse | 15.00 |
| 1/12/99 | taxi-Las Vegas airport to hotel | 10.00 |
| 1/13/99 | Montecarlo Hotel | 66.15 |
| 1/14/99 | lunch/dinner | 26.00 |
| 1/14/99 | taxi-Montecarlo to airport | 10.00 |
| 1/14/99 | taxi-NWK airport to home | 53.00 |
| 1/14/99 | airfare surcharge | 75.00 |
| | | **TOTAL: $3,325.48** |

Otherwise, the court finds that plaintiffs have provided a sufficient description of their non-taxable charges and that they are reasonable expenses associated with litigation. *Marsh*, 699 F.Supp. at 1416. Thus, plaintiffs will be awarded $5,700.23 in expenses associated with litigation.

### III. Conclusion

Accordingly, **IT IS ORDERED** that plaintiffs' motion (#102) be **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that plaintiffs are awarded attorneys' fees in the sum of $86,360.55. This amount represents $66,870.00 to Mark Lopez for attorney's fees, $13,807.50 to Allen Lichtenstein for attorney's fees, and $5,700.23 to ACLU for reimbursement for expenses associated with litigation.

DATED: This 26TH day of DECEMBER, 2001.

UNITED STATES DISTRICT JUDGE