Mark Lopez
American Civil Liberties Union Foundation
125 Broad St., 17th Floor
New York, NY 10004
212-549-2608

Allen Lichtenstein
Nevada Bar No.: 3992
ACLU of Nevada
3315 Russell Road, No. 222
Las Vegas, Nevada 89121
(702) 433-2666
Attorneys for Plaintiffs

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

American Civil Liberties Union of Nevada; )
Paul R. Brown; Gary Peck; Unitarian )
Universalist Social Justice Committee, )
                                        )
         Plaintiffs-Appellants,         )
                                        )
v.                                      )
                                        )
City of Las Vegas; Oscar Goodman, in his )
official capacity as Mayor; Fremont Street ) Case Nos: CV-S-97 1419-DAE-LRL
Limited Liability Corp.; Joseph Schillaci, )
in his official capacity as President of The )
Fremont Street Limited Liability Corp., )
                                        )
         Defendants-Appellees.          )
                                        ) PLAINTIFFS/APPELLANTS' MOTION
American Civil Liberties Union of Nevada; ) FOR ATTORNEYS 'FEES AND COSTS
Paul R. Brown; Gary Peck; Unitarian )
Universalist Social Justice Committee,  )
                                        )
         Plaintiffs-Appellees,          )
v.                                      )
                                        )
City of Las Vegas; Oscar Opinion Goodman )
Fremont Street Limited Liability Corp.; )
Joseph Schillaci,                       )
                                        )
         Defendants-Appellants.         )
_____ )

    Come now the Plaintiffs, by and through the undersigned attorneys, and file this Motion for attorneys fees and costs. This Motion is based on all pleadings and papers on filed herein, and the Memorandum of Law attached hereto, and any further argument and evidence as may be presented at hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.   Introduction**

Plaintiffs move pursuant to U.S.C 1988 for an award of reasonable attorney fees and costs, in the following amounts: eighty-one thousand, seven hundred, ninety-seven hundred dollars, and fifty cents ($81,797.50) in attorneys' fees for Mark Lopez, and thirty-three thousand, four hundred, seventy-five dollars ($33,475.00) in attorneys' fees for Allen Lichtenstein, for a total of one hundred, fifteen thousand, two hundred, seventy-two dollars and fifty cents ($115,272.50) in attorneys' fees, and costs in the amount of six thousand, three hundred, seventeen dollars and eighteen cents, ($6,317.18) for a total of one hundred, twenty-one thousand, five hundred, eighty-nine dollars and sixty-eight cents ($121,589.68).

As explained below, plaintiffs are prevailing parties in this case. Accordingly, Plaintiffs' counsel are entitled to be fully compensated for their time and expenses. The fees and costs claimed by Plaintiffs' attorneys are set forth in attachments to the Declarations of Mark Lopez, Esq. (Exhibit 1) and Allen Lichtenstein, Esq. (Exhibit 2).

**2.   Procedural History**

Plaintiffs filed this suit in 1997 in federal district court, asking the Court to find certain ordinances and practices at the Fremont Street Experience pedestrian mall in violation of constitutional rights protected by the First and the Fourteenth Amendments to the United States Constitution. Plaintiffs sought both declaratory relief and an injunction preventing Defendants from enforcing those provisions.

In the April 4, 2001 Order, the Court granted the Plaintiffs' Motion for Summary Judgment in part and denied it in part. The Court also granted the Defendants Counter- Motion for Summary Judgment in part and denied it in part. Both on equal protection and First Amendment grounds, the Court permanently enjoined. enforcement of L.V.M.C. 11.68.100(I), which prohibited leafletting at the Fremont Street Experience. Enforcement of L.VM.C. 11.68.100(B) was similarly enjoined with respect to the sale of message bearing merchandise. In addition, the Court ruled that leaflets that do not ask for donations, but merely list the name, address and telephone number of the organization, cannot be prohibited under the anti-solicitation ordinance.

On December 28, 2001, this Court granted Plaintiffs' Motion for Attorneys' Fees, but

2

1  reduced the lodestar amount by twenty-five percent (25%), due to the limited nature of Plaintiffs'
2  victory to that point.(Dkt. 103, p. 10), granting the reduced sum of sixty-six thousand, eight hundred,
3  seventy dollars ($66,870.00) to Mark Lopez, and thirteen thousand, eight hundred, seven dollars and
4  fifty cents ($13,807.50) to Allen Lichtenstein.

5  Plaintiffs appealed the District Court's decision that the Fremont Street Experience is not
6  a public forum , along with the Court's determination that the anti-soliciting ordinance and the anti-
7  tabling ordinance was constitutional. In *American Civil Liberties Union v. City of Las Vegas*, 952
8  F.2d 1059, 1109 (9th Cir. 2003), this Court reversed the District Court's determination that the
9  Fremont Street Experience pedestrian mall was not a public forum.  It also affirmed the ruling that
10 the bans on leafleting and the sale of message-bearing merchandise were unconstitutional. *Id.* It
11 remanded the case back to the District Court for evaluation of the anti-soliciting and anti-tabling
12 ordinances under public forum analysis.

13 On remand, in its March 4, 2005 Order, the District Court found the anti-solicitation
14 ordinance, LVMC 10.44, to be a constitutional, content-neutral time, place and manner regulation,
15 but found the anti-tabling ordinance, LVMC 11.68.100(H), to be invalid due to the exception for
16 organized labor. On Ninth Circuit found LVMC 10.44 to be an unconstitutional, content-based
17 restriction and found the tabling ordinance unconstitutional  insofar as it restricts tabling for First
18 Amendment activity. *American Civil Liberties Union v. City of Las Vegas*, 466 F.3d 784, 800, 801
19 (9th Cir. 2006). Thus, Plaintiffs ultimately prevailed on all of their claims.

20 **III     ARGUMENT**
21 **1.     Plaintiffs are prevailing parties and are entitled to attorney fees and costs.**
22 The Civil Rights Attorney Fee Awards Act of 1976 provides in pertinent part that: "In any
23 action or proceeding to enforce a provision of sections 1981,1981 a, 1982,1983,1985, and 1986 of
24 this title, ... the court, in its discretion, may allow the prevailing party, other than the United States,
25 a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b). The legislative history makes
26 clear that prevailing parties "`should ordinarily recover an attorney's fee unless special circumstances
27 *would* render such an award unjust.'" ];*Hensley v. Eckerhart*, 461 US. 424, 429 (1983) (quoting S.
28 Rep. No. 941011, at 4 (1976)). Under the  Act  the District Court may award reasonable attorney's

3

1  fees to the Prevailing Party in a Section 1983 action. Under Section 1988, in order for a prevailing
2  plaintiff to be entitled to an award of attorneys' fees said plaintiff must obtain an enforceable
3  judgment from the court. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Generally, plaintiffs cross
4  the prevailing party threshold "if they succeed on any significant issue in litigation which achieves
5  some of the benefit the parties sought in bringing the suit." *Texas State Teachers' Association v.*
6  *Garland Independent School. Dist.*, 489 U.S. 782, 789 (1989) "The touchstone of the prevailing
7  party inquiry must be the material alteration of the legal relationship of the parties in a manner which
8  Congress sought to promote in the fee statute." *Id*. at 792-93. In the case at bar, Plaintiffs prevailed
9  when this Court gave Plaintiffs the relief sought. 466 F.3d at 800-801.

> "We hold that Las Vegas's solicitation ordinance is facially unconstitutional. The ordinance regulates protected speech based on its content but is not the least restrictive means of furthering a compelling government interest. It therefore is an impermissible restriction on First Amendment activity. We also hold that the City's tabling ordinance is unconstitutional as applied to Plaintiffs, to the extent that it regulates the use of tables to facilitate the dissemination of protected speech. The ordinance contains an exception for labor-related tabling in violation of the Equal Protection Clause of the Fourteenth Amendment. We remand to the district court with instructions to issue the appropriate injunctions."

Here, plaintiffs were successful in the major objectives of permanently enjoining enforcement of Municipal Code provisions that prohibited soliciting at the Fremont Street Experience and also prohibited tabling for expressive purposes there. These unquestionably are significant issues where the litigation achieved the benefit the plaintiffs sought in bringing the suit. Thus, plaintiffs are unquestionably the prevailing parties in this appeal and are therefore entitled to an award of attorneys' fees and costs. *See, Jeff D. V. Kempthorne*, 365 F.3d 844, 855 (9th Cir. 2004); *Democratic Party of Wahington State v. Reed*, 388 F.3d 1281, 1288 (9th Cir. 2004); *Fisher v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000).

**2.    Plaintiffs are entitled to a fully compensatory fee**

Once a plaintiff has been determined to be a prevailing party, "[t1he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley* 461 U.S. at 433. "[T]he 'product. of reasonable hours times a reasonable rate' [known as the 'lodestar'] normally provides a

1  `reasonable' attorney's fee within the meaning of the statute." *Blum v. Stenson* 465 U.S. 886, 897
2  (1984) (quoting *Hensley* , 461 U.S. at 434). "Where a plaintiff has obtained excellent results, his
3  attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably
4  expended on the litigation[.]" *Hensley*, 461 U.S. at 435. Such is the situation here.

5        **C.**      **The hourly rates sought by plaintiffs' counsel are reasonable.**

6  Ordinarily, the attorney fee rate to be utilized under 42 U.S.C. § 1988 is the prevailing market
7  rate for an attorney of similar experience and skill in the forum community. *Blum*, 465 U.S. at 895.
8  Mr. Lopez and Mr. Lichtenstein both seek compensation at the rate of $250 per hour. The rate of
9  $250 per hour is reasonable and is comparable to the market rates charged by attorneys of similar
10 skill and experience in the District of Nevada in a matter concerning complex civil rights and
11 constitutional issues.  (See attached Declaration of Donald J. Campbell, Exhibit C).

12       **D.**      **Plaintiffs seek fees for a reasonable number of hours.**

13 In determining what constitutes a reasonable number of hours, the Court is to consider the
14 factors set forth in *Kerr v. Screens Extras Guild Inc*., 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*.
15 425 U.S. 951 (1976).  The factors to be considered are: (1) the time and labor required, (2) the
16 novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service
17 properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5)
18 the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the
19 client or the circumstances, (8) the amount involved and the results obtained, (9) the experience,
20 reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and
21 length of the professional relationship with the client, and (12) awards in similar cases.

22 In the instant case, the time and labor required are set forth in the attachments to the
23 declarations of Mark Lopez and Allen Lichtenstein. The hours listed in the fee request are neither
24 duplicative, unnecessary nor excessive. *See, Hensley* at 434. The challenge to state laws or municipal
25 ordinances on First Amendment and other constitutional grounds involve complex and difficult
26 issues. Municipal ordinances are not overturned lightly.  Yet because these issues involve the basic
27 right of freedom of speech it was essential the case be litigated thoroughly and meticulously. Not
28 only were the rights of the named plaintiffs at stake but the rights of the entire public to exercise

5

fundamental protected rights. Both Mr. Lopez and Mr. Lichtenstein are experienced litigators in this area. The case involved several summary judgment motions, a preliminary injunction motion, as well as an interlocutory appeal to the Ninth Circuit. The number of hours the Plaintiffs seek compensation for is reasonable under the *Kerr* factors.

### E. Plaintiffs are entitled to restoration of the full lodestar that was reduced by 25% in the December 28, 2001 Order.

In the December 28, 2001 Order, this Court reduced Plaintiffs attorneys' fee, by twenty-five percent (25%) based on the failure of Plaintiffs, at that point, to prevail on the public forum issue and the anti-soliciting and anti tabling issues. (Dkt. 103, p. 10). All of those issues have subsequently been resolved in Plaintiffs favor. Thus, the twenty-five percent reduction in the lodestar should be adjusted to provide Plaintiffs with the full and proper amount, reflecting their success. The reduced sum of sixty-six thousand, eight hundred, seventy dollars ($66,870.00) to Mark Lopez and thirteen thousand, eight hundred, seven dollars and fifty cents ($13,807.50) to Allen Lichtenstein should be restored to the non-reduced amounts, giving Mark Lopez and additional twenty-two thousand, two hundred ninety dollars ($22,290.00) and Allen Lichtenstein and additional four thousand, six hundred, two dollars and fifty cents ($4,602.50).

### F. Plaintiffs are entitled to recover the costs of litigation.

Plaintiffs are entitled to recover reasonable litigation expenses. These expenses are set forth in an attachment to the Declaration of Mark Lopez. *See, United Steelworkers of America v. Phelps Dodge Corp*., 896 F.2d 403, 407-08 (9th Cir. 1989); *Ilick v. Miller*, 68 F.Supp.2d 1169, 1181-1182 (D.Nev. 1999). These costs are neither duplicative nor excessive.

### F. Plaintiffs are entitled to attorney fees in connection to the Motion for Attorney fees.

Pursuant to *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992), plaintiffs are entitled to attorney fees for the time spend preparing this motion, as set forth in the attached Declarations of Mark Lopez and Allen Lichtenstein.

WHEREFORE, plaintiffs having prevailed in this case, requests that this Honorable Court grant plaintiffs motion, and grant fees in the amounts requested, as follows:

| | | |
|---|---|---|
| 1 | Fees for Mark Lopez: | $81,797.50 |
| 2 | Fees for Allen Lichtenstein: | $33,475.00 |
| 3 | | ( $115,272.50) |
| 4 | Costs: | $6,317.18 |
| 5 | Restoration of 12-28-01 fees for Mark Lopez: | $22,290.00 |
| 6 | Restoration of 12-28-01 fees for Allen Lichtenstein: | $4,602.50 |
| 7 | | _____ |
| 8 | Total | $148,482.18 |

Dated this 17th day of April 2007:

Respectfully submitted by:

/s/
_____
Allen Lichtenstein
Nevada Bar No. 3992
3315 Russell Road No. 222
Las Vegas, Nevada 89120
702-433-2666

Mark Lopez
American Civil liberties Union Foundation
125 Broad St., 17th Floor
New York, NY 10004
212-549-2608

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on 17th day of March 2007, I caused to be deposited for mailing postage prepaid, at Las Vegas, Nevada, a copy of the foregoing Plaintiffs' Motion for Attorneys' Fees and Costs, addressed to the following:

William P. Henry, Esq.
Office of the City Attorney
City of Las Vegas
400 East Stewart Avenue, 9th Floor
Las Vegas, NV 89101

Todd L Bice, Esq.
Brownstein Hyatt Farber Schreck
1200 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101

Patrick J. Reilly, Esq.
Hale, Lane, Peek, et.al.
3930 Howard Hughes Parkway
Fourth Floor
Las Vegas, Nevada 89169

/s/
Allen Lichtenstein