1   Allen Lichtenstein
    Nevada Bar No. 003992
2   3315 Russell Road, No.222
    Las Vegas, Nevada 89120
3   702-433-2666

4   Lee Rowland
    Nevada Bar No. 10209
5   732 South Sixth Street, Suite 200A
    Las Vegas, Nevada 89101
6   702-366-1902

7   Attorneys for Plaintiffs

8                      UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF NEVADA
9   _____
    American Civil Liberties Union of          )
10  Nevada (on behalf of itself and its members),)
    Gary Peck, Unitarian                        )
11  Universalist Social Justice Committee,      )
    Sin City Chamber of Commerce (on behalf     )
12  of itself and its members), Richard DeVoe,  )
    The Shundahai Network,                      )
13                                              )
                     Plaintiffs,                )
14                                              )
    vs.                                         )        CV-S-97-01419-LDG (LRL)
15                                              )
    The City of Las Vegas, Oscar Goodman,       )
16  in his official capacity as the Mayor, The  )
    Fremont Street Limited Liability Corp.,     )
17  and Joseph Schillaci, in his official       )
    capacity as the President of The Fremont    )
18  Street Limited Liability Corp.              )
                                                )
19                   Defendants.                )
    _____     )
20
                        **SECOND AMENDED COMPLAINT**
21
    **I. INTRODUCTION**
22
23          1.      In an attempt to restore its declining downtown hotel casino industry to its storied

24  past, the City of Las Vegas followed the lead of towns across the United States and turned five

25  blocks of its main downtown street into a publicly-owned pedestrian mall, the Fremont Street Mall.

26  The City of Las Vegas contracted with a private entity, the Fremont Street Experience Limited

27  Liability Corporation ("FSELLC"), to transform the old Fremont Street into the modern Fremont

28  Street Experience.

            2.      Fearful of the potential for disruption of merchants and customers attributable to

commercial hand billing and panhandling, the City placed significant restrictions upon all First Amendment activities on Fremont Street. After running afoul of the restriction upon First Amendment activities, the American Civil Liberties Union of Nevada ("ACLU") and others brought this lawsuit in 1997 in an attempt to restore their First Amendment rights.

3. Plaintiffs challenged those provisions of the Las Vegas Municipal Code which directly restrict First Amendment activity. The restrictions are contained in the enabling legislation creating Fremont Street, and in separate code provisions that apply to other municipal venues including pedestrian malls. Fremont Street was created by LVMC 11.68. After Sections of LVMC 11.68 were successfully challenged in this Court, the Las Vegas Code sections now governing activities on Fremont Street are now found at LVMC 11.68A.

4. Different subsections of the legislation specifically prohibit certain First Amendment activities including, unauthorized mall vending and advertising [§ 11.68A.100(B)]; unauthorized placement of tables or displays for purposes of solicitation [§ 11.68A.100(H)]; the presence of "sexually-oriented businesses" [§ 11.68A.100(G)]; and all solicitation as defined in LVMC 10.44A.010 [§ 11.68A.100(K)]. Plaintiffs challenge these code provisions both facially and as applied. Plaintiffs seek an injunction prohibiting the defendants from enforcing these code provisions or from otherwise interfering with their right to assembly and speech on Fremont Street.

5. Plaintiffs are individuals and advocacy organizations who wish to assemble and engage in First Amendment activity on Fremont Street for purposes of promoting the political and social causes they are associated with. Since the inception of this litigation more than nine years ago, their efforts have been thwarted by the Defendants at every opportunity. Even the relief obtained thus far has been met with opposition and the replacement of LVMC 11.68 with LVMC 11.68A, which Plaintiffs believe still incorporates most of the unconstitutional restrictions struck down by this Court. Restricting access to the Mall for expressive activity violates Plaintiffs' rights to free speech and equal protection under the First and Fourteenth Amendments of the United States Constitution. Plaintiffs seek a declaration that the restrictions are unconstitutional and an injunction enjoining their continued enforcement.

**II. JURISDICTION AND VENUE**

6.    Plaintiffs bring this action under 42 U.S.C. § 1983 and also seek relief under 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C.§ 1988.

7.    This court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

8.    Venue is properly within this district under 28 U.S.C. § 1391(b) because all Defendants reside in this district.

**III.    PROCEDURAL HISTORY**

9.    Plaintiffs filed their initial Complaint on October 9, 1997.

10.    On April 24, 1998, the District Court granted summary judgment to the Defendants on their claim that the Fremont Street Experience is not a public forum. *American Civil Liberties Union v. City of Las Vegas v. City of Las Vegas*, 13 F.Supp.2d 1064 (D.Nev. 1998).

11.    On April 4, 2001, the District Court ruled that the anti-leafleting ordinance LVMC § 11.68.100(I) was unconstitutional, even within a non-public forum, as was the anti- vending ordinance items, LVMC § 11.68.100(B), at least as regard to the sale of message-bearing merchandise. The Court enjoined the enforcement of both ordinances, but denied Plaintiffs' Motion for Summary Judgment in all other respects.

12.    On July 2, 2003, the Court of Appeals reversed the District Court's ruling that the Fremont Street Experience is not a public forum, and affirmed the District Court's ruling declaring unconstitutional and enjoining the anti-leafleting ordinance, LVMC § 11.68.100(I), and vending ordinance with respect to the sale of message-bearing items, LVMC § 11.68.100(B). The Court reversed and remanded the case back to the District Court to reconsider, under the public forum standard, the constitutionality of the  "general injunction and solicitation and tabling ordinances, LVMC §§ 10.44 and 11.68.100(H), and remand[ed] to allow the District Court to consider the constitutionality of these restrictions in light of the Fremont Street Experience's public forum status." *American Civil Liberties Union v. City of Las Vegas,* 333 F.3d 1093, 1109 (9th Cir. 2003). Defendants' Petition for an en banc review was denied on August 12, 2003. Defendants filed their Petition for Certiorari on November 13, 2003. This Petition was denied on January 12, 2004. *City of Las Vegas v. American Civil Liberties Union.*  124 S. Ct. 1077 (2004).

13.     On remand, the District Court granted summary judgment to the Defendants, *ACLU v. City of Las Vegas*, No. 97-1419, at 6-7 (D.Nev. Mar.4, 2005) (unpublished order), and Plaintiffs again appealed to the Ninth Circuit.  On October 20, 2006, the Ninth Circuit Court of Appeals reversed the District Court, and held that the existing Solicitation ordinance, LVMC 10.44, was content-based, and that the erection of tables in a public forum, in order to facilitate free speech, is expressive activity protected by the First Amendment.  The Court of Appeals then remanded the case to this Court. *A.C.L.U. of Nevada v. City of Las Vegas*, 466 F.3d 784 (9th Cir. 2006).

14.     This Court, on March 30, 2007, granted leave to Plaintiffs to file this Second Amended Complaint, in order to allow Plaintiffs to assert constitutional challenges to the City of Las Vegas's new ordinances governing Fremont Street Experience (LVMC 11.68A) and city-wide solicitation (LVMC 10.44A).

**PARTIES**

**A.     Plaintiffs**

15.     Plaintiff Gary Peck is a resident of Las Vegas and Executive Director of the American Civil Liberties Union of Nevada.  He seeks access to Fremont Street in order to distribute the organization's literature, collect signatures, circulate petitions, and solicit memberships and contributions for the ACLU.  Mr. Peck also seeks access to Fremont Street in order to set up a table and display to facilitate the organization's First Amendment activities, including distribution of literature, the solicitation of new members for the organization, and the sale of publications and other products (such as t-shirts) that promote the ACLU or other organizations.  Mr. Peck additionally seeks access to Fremont Street in order to participate in assemblies and protests organized by the ACLU or in concert with other organizations.

16.     Plaintiff the American Civil Liberties Union of Nevada is a non-profit advocacy

membership organization dedicated to the preservation of individual liberties and rights. The effectiveness of the ACLU depends on its ability to persuade people to its point of view through its public education and legal advocacy programs. A critical and strategic component of the organization's efforts is its work with and support of other community-based organizations. Acting alone, and in its capacity as a member organization in a broader coalition, the ACLU and its members often participate in the traditional First Amendment activities described in the proceeding paragraph. The ACLU seeks access to Fremont Street in order to engage in the First Amendment activities described in the proceeding paragraph.

17.    Plaintiff Richard DeVoe is a Las Vegas resident and social activist. As a member and volunteer for the John Edwards' presidential campaign and the environmental action campaign "One Corps," Mr. DeVoe has erected a table for expressive purposes on Fremont Street, when security guards threatened his removal under LVMC 11.68A. He seeks to participate in First Amendment activities on the Fremont Street Mall in order to inform the citizenry of the goals of the Edwards campaign, One Corps, and other community based organizations whose activities he supports. Mr. DeVoe seeks access in order to engage in the First Amendment activities described by Mr. Peck and the ACLU above.

18.    Plaintiff the Unitarian Universalist Social Justice Committee [hereinafter UUSJC] is a non-profit organization involved in public education, organizing and political advocacy aimed at putting Unitarian Universalist principals to work in the community. In the past, the UUSJC has hosted town hall meetings for school board candidates, affiliated with the Progressive Leadership Alliance of Nevada (a statewide coalition that monitors the Nevada Legislature), supported organizations that assist people with HIV/AIDS, and attended labor, environmental, civil rights and low-income rallies. It carries out its activities by distributing

educational literature, gathering signatures on petitions addressed to public officials, and other activities directed to generating public discussion and awareness of the Unitarian Universalist's mission. The UUSJC seeks and accepts street donations in order to pay for materials and the expenses associated with spreading its political messages. Message bearing merchandise, such as buttons, T-shirts, etc., are sometimes given away in return for a contribution. The organization also relies on tables and displays to facilitate their First Amendment activities. The UUSJC seeks to engage in the foregoing activities on the Fremont Street Mall.

19.     Plaintiff the Sin City Chamber of Commerce of Las Vegas is the United States' only non-discriminatory chamber of commerce. The Sin City Chamber of Commerce is a member-based business organization that welcomes all legal businesses as active members to be treated with dignity, equality, and respect. The Sin City Chamber of Commerce proactively promotes their members' interests, products and services. As part of its daily business, the Chamber receives many calls from its Individual Members requesting information and advice about public places where they can legally advertise and perform outreach. The Sin City Chamber of Commerce also receives phone calls and email from all over the world from visitors that are requesting information about starting adult entertainment entities in Las Vegas and the proper public places in which they can legally advertise. A significant percentage of the Chamber's over 500 individual members, about 20% , are "adult" businesses that would be included under the definition of a "sexually oriented business" under LVMC 19.04.010, as prohibited from being on Fremont Street by LVMC 11.68A(G). The Sin City Chamber of Commerce and its members wish to continue to engage in outreach, advertising, and protected speech on the Fremont Street pedestrian mall. The Sin City Chamber of Commerce seeks to protect all of its members' rights to engage in fair trade, protected speech, advertisement, and

1    expression on the Fremont Street Mall.

2        20.    The Shundahai Network is a community-based Nevada non-profit organization
3
4    involved in public education, organizing and political advocacy aimed at halting the nuclear arms
5    race and encouraging nuclear disarmament.  It carries out its activities by distributing educational
6
7    literature, gathering signatures on petitions addressed to public officials, staging rallies, and
8    holding public meetings and other activities directed to generating public discussion and activity
9    on behalf of nuclear arms control.  In order to defray the cost of its political activities it seeks and
10   accepts street donations.  Message-bearing merchandise, such as buttons, bumper-stickers, and T-
11   shirt are sometimes given away in return for a contribution in order to raise additional funds. The
12   Shundahai Network  has sought permission from the FSLLC to participate in these activities on
13
14   the Fremont Street Experience, but permission has been withheld.  The nature of their activities
15   is equally covered both by the original ordinances at issue in this case, and the renewd ordinances
16   10.44A and 11.68A.

17   **B.    Defendants**

18       21.    Defendant the City of Las Vegas is a municipal corporation chartered under the
19
20   laws of the State of Nevada. Defendant Oscar Goodman, in his official capacity as the Mayor of
21   the City of Las Vegas, is the city official responsible for the enforcement of the City's ordinances,
22   including the Pedestrian Mall Act.  Under the Act, the City has contracted with the FSELLC to
23   operate a downtown section of Las Vegas as a public park and vested it with the authority to
24
25   establish regulatory policies governing access to and activities within the Fremont Street Mall.
26   By exercise of the police powers vested in Mayor Goodman, the limitations placed on First
27   Amendment activities by the FSELLC are enforced through the City's criminal ordinances.

28

7

22.     Defendant Joseph Schillaci, in his official capacity as the president of the FSELLC, is the individual responsible for implementing and carrying out the policies of that entity.  In his capacity as president, he is vested by the City with regulatory authority pertaining to the operation of the FSELLC, as well as the authority to enforce those rules.  He is vested with the power to remove and/or detain for arrest individuals who fail to abide by the rules established by the FSELLC.  The FSELLC has its own security force for this purpose.

23.     Defendant the FSELLC is a statutorily created private operating company charged with the responsibility of acquiring, constructing, improving, operating, managing, and maintaining the Fremont Street Mall established by Las Vegas Municipal Code Ch. 11.68.  Through its president Joseph Schillaci, and by the power vested in it by the City of Las Vegas, the FSELLC has enforced restrictions on Plaintiffs' First Amendment activities.

**IV.     FACTUAL ALLEGATIONS**

24.     In 1994, the City of Las Vegas contracted with the FSELLC to transform  Fremont Street into the  Fremont Street Experience.  Five blocks of Fremont Street, the center of the downtown area, and certain adjoining blocks, were closed off to automotive traffic.  The street was decoratively repaved as one large promenade, and a canopy capable of generating a light show (known, with a dash of hyperbole, as the "celestial superstructure") was installed over certain parts of the street.  In the evening, the light show plays overhead for a few minutes each hour.  Although Fremont Street itself is partially covered by the canopy, it remains open to the elements from above and all sides. None of the other adjoining block of the Fremont Street Experience are covered by the light show.

25.     Prior to the Fremont Street Experience's transformation into a pedestrian mall, the area was an undisputed public forum.  Plaintiffs are aware of no municipal ordinances that were

in place prior to the opening of Fremont Street in 1995 that completely prohibited the distribution of literature or the solicitation of charitable contributions on the old Fremont Street, or any other downtown street.  Similarly, Plaintiffs are not aware of any preexisting restrictions on lawful assembly and the other First Amendment activities at issue in this case that were specific to Fremont Street.

26.     Despite its expensive make over and the added attractions, Fremont Street's objective attributes as a major downtown street have not changed.  For this reason, Fremont Street is the quintessential public forum.  *See American Civil Liberties Union of Nevada v. City of Las Vegas*, 333 F.3d 1092 (9th Cir. 2003).  The street mall is open to unrestricted pedestrian use and is part of the downtown transportation grid.  Historic Fremont Street lies at the center of the mall and is the main axis, intersecting five city blocks.  The perimeter streets and sidewalks are continuous with and adjacent to downtown's other streets and sidewalks.  A visitor to this area would not walk around the mall to travel to the other side, but would walk through the mall either on Fremont Street itself or on one of the streets that intersect it.

27.     Although cars are no longer permitted to drive down the length of Fremont Street itself, the enabling legislation and the agreement between FSELLC and the City requires that a route for pedestrians remain open at all times, limiting FSELLC's discretion to manipulate the landscape or otherwise obstruct pedestrian use.  Additionally, automotive traffic is permitted to cross the Fremont Street Mall in two places, and pedestrians cross at each intersection.  The street is seamlessly incorporated into the City's downtown transportation grid and continues to anchor the central business and gaming district.  The addition of entertainment to the Fremont Street Mall's uses did not alter the fact that it remains a public thoroughfare and one of the City's two premiere gaming and commercial districts.

28.     Fremont Street Mall is still a street as defined by the enabling legislation.  City and state codes define pedestrian malls generally, and the Fremont Street Mall specifically, as streets and sidewalks.  The same major hotels, casinos and many of the same retail establishments, such as McDonalds, still line the sides of Fremont Street just as they did before the renovation. Fremont Street is still located squarely in the middle of downtown, and pedestrians use it for the same purposes as they did previously.  The Fremont Street Mall remains open to the elements despite the canopy and light show.  Both before and after its transformation, Fremont Street remains a commercial district and public thoroughfare.  The grime of Fremont Street has been scrubbed away and it has been dramatically redesigned in a way that the traditional curb and gutter sidewalks fit seamlessly into the street, but its character as a commercial street remains.

29.     Because of its size, location, and its role and function as the center of downtown, the Fremont Street Mall is the modern version of the old "Town Square" or "Main Street."  The streets and sidewalks that anchor the Mall are public property and constitute a traditional public forum for expressive activity.  The FSELLC sponsors many educational, cultural and social events which attract thousands of voters and citizens daily.  The Fremont Street Mall is one of the largest gathering places in Nevada and Clark County of voters and residents.  While many of the visitors are tourists, many others are county and state residents.  It is very likely the largest gathering place in the entire state and is one of the places where the Plaintiffs and their associates could reach the largest number of citizens with their viewpoints and messages.

30.     The Defendants have tried to change the status of Fremont Street as a public forum and to limit the public's right to engage in First Amendment activity.  The City  adopted a number of ordinances explicitly prohibiting discrete First Amendment activities, including the

presence of sexually-oriented businesses, unapproved advertising, unapproved use of tables for purposes of solicitation, and solicitation of any type.

31.     All solicitation on the entire Fremont Street Experience is prohibited by LVMC 11.68A(K), as defined in LVMC 10.44A. "Solicitation" for purposes of Chapter 10.44A, means "asking, begging, soliciting or pleading, for the purpose of immediately obtaining money, charity, business or patronage, or gifts or items of value for oneself or another person or organization." For non-profit organizations in particular, the mere gathering of signatures for future contact, or the signing of a petition, may be the "business" or "patronage" that the non-profit is seeking. LVMC 10.44A does not limit itself to commercial or monetary activity.  This chills and infringes on the speech of non-profit Plaintiffs and others, particularly ACLU, UUSJC, and Richard DeVoe.

32.     The statute covers written material soliciting immediate paid membership in an organization or advertising information about the availability and cost of obtaining the organization's publications.  Violation of the ordinance is punishable as a misdemeanor.  By its terms, the ordinance draws a content-based distinction based on the solicitation aspect of the communication.  Additionally, the ordinance creates a content-based exception for all commercial activity "authorized by The Fremont Street Experience Limited Liability Company" (LVMC 11.68A.100(B)).

33.     The ordinance is not limited to panhandling or commercial handbills.  The ordinance prohibits all oral and written requests for immediate donations.  The ordinance prevents Plaintiffs from distributing any literature that contains a request for funds, "patronage," or anything of value.  The ban extends to all requests for immediate patronage or charity, not just in-hand requests for immediate cash.  Plaintiffs UUSJC and the Shundahai Network request and

accept donations in the form of money or donated articles in order to support their charity work. Similarly, Plaintiff ACLU of Nevada seeks to solicit membership and donations.  Plaintiff Rick DeVoe was threatened with enforcement of LVMC 11.68A after passing out "pledge sheets" asking individuals to make an immediate promise of individual environmental action.  This immediate promise could certainly fall within the prohibition of all immediate "patronage." Plaintiff Sin City Chamber of Commerce seeks to protect its members' ability to increase their business profiles by advertising services, which may include requests to immediately sign up for email contact lists, or business services.  Both requests could be termed "business" or "patronage" prohibited under LVMC 11.68A(K). Plaintiffs believe that their protected outreach activity and requests for charity are protected speech in a public forum, and that LVMC 11.68A(K) unconstitutionally restricts First Amendment speech.  Plaintiffs challenge the solicitation ordinance both facially and as applied.

34.     LVMC § 11.68A.100(B) prohibits unauthorized street vending, advertising and entertainment.   Although there are kiosks available for rent by authorized vendors, the prior version of this ordinance, LVMC 11.68.100(B), had been enforced to prohibit the street sale of t-shirts, buttons, bumper stickers, and other promotional materials or publications sold by grass roots organizations to distribute their messages and fund their activities. Plaintiffs maintain that the replacement language of 11.68A.100(B) fails to correct the constitutional flaws found by this Court.  By its terms the ordinance prohibits groups like the ACLU or Sin City Chamber of Commerce and its members from distributing materials or using another medium to advertise their causes or to solicit membership or support, "unless conducted or authorized by the Fremont Street Limited Liability Company."  By its terms, the ordinance also prohibits street performers who might compete with the mall's entertainment.

35.    On January 27, 2007, Plaintiff Rick DeVoe used a small table to support pamphlets, news articles, and a sign-up sheet for One Corps, an environmental activism group. Two security guards from the Fremont Street, LLC, approached Mr. DeVoe and told him that his table was barred by the language of LVMC 11.68A.  Attorneys from Plaintiff ACLU of Nevada were called by Mr. DeVoe  to monitor this interaction.  When they interceded and requested that the security officer offer authority for removing Mr. DeVoe from the mall, FSELLC officials handed the attorneys a copy of LVMC 11.68A, with the section against tabling "for purposes of solicitation", LVMC 11.68A.100(H), highlighted.

36.    LVMC § 11.68A.100(H) prohibits the placement of displays and tables "for purposes of solicitation" and has been used as justification for threatening to remove Plaintiff Rick DeVoe from the pedestrian mall while he used a table solely to hold pamphlets and sign-up sheets related to protected political speech.  Tables and these other movable supports are often used in association with core expressive activities, such as gathering signatures, distributing informational leaflets, proselytizing, or selling message-bearing merchandise, which would fall under the definition of being "for the purposes of solicitation."  Tables facilitate First Amendment activity by enabling the display of multiple pamphlets or other items, as well as the distribution of a greater amount of material. The City cannot prohibit the use of these tables as relates to protected speech simply because the speaker also 'solicits' immediate charitable contributions, money, or patronage, as defined in LVMC 10.44A.010.

37.    The use of a table may convey a message by giving an organization the appearance of greater stability and resources than that projected by a lone, roaming individual distributing leaflets.  The ordinance, by its terms, does not allow organizations like the ACLU or the members of the Sin City Chamber of Commerce to place tables or other supports on Fremont

13

Street to assist in charitable or commercial solicitation.  The ordinance flatly prohibits the use of tables or displays by the Plaintiffs and other similarly situated, so long as one of their purposes is soliciting.  This ordinance will still infringe on the expressive use of tabling, as struck down by this Court, and as already applied to Plaintiff Rick DeVoe.

38.     On at least one occasion, the ACLU Plaintiffs set up a table on Fremont Street from which several individuals were distributing literature.  FSELLC security personnel intervened and ordered that the table be dismantled.  On numerous other occasions, Plaintiffs' efforts to obtain prior approval from FSELLC officials to set up a table to aid in the distribution of literature have been denied or ignored.  This Court held such restrictions on tabling as applied to expressive activity unconstitutional.  During these incidents, Plaintiffs ACLU solicited business, donations, and membership, either immediately or in the future, and their actions would therefore still be prohibited by revised LVMC 11.68A (H).

39.     LVMC 11.68A.100(G) contains a new provision which prohibits "Sexually-Oriented businesses" from the pedestrian mall.  This section is puzzling, as sexually-oriented businesses are already prohibited from locating in office space abutting the pedestrian mall by applicable zoning regulations found in LVMC 19.04.  This prohibition is included in a list encompassing only actual activities, with the sole exception being for sexually-oriented businesses. Therefore, this section seems to prohibit advertising or activity by sexually-oriented businesses on the pedestrian mall.  This is a content-based and violative of the First Amendment, as it may well prohibit protected speech whenever the speaker is associated with or employed by a sexually-oriented business.  Plaintiff Sin City Chamber of Commerce has many members businesses who qualify as "sexually-oriented" under LVMC 19.04.010, and seeks to affirm its members rights to engage in protected speech on the Fremont Street Experience.

14

40.     The restrictions Plaintiffs originally challenged contain explicit content or speaker-based distinctions.  None of the restrictions contained in LVMC §§ 11.68.100(B), (H), and (I) applied to activities that were "arguably protected" by the National Labor Relations Act. (LVMC 11.68.100(K)).  The Ninth Circuit held that extending special rights to organized labor created an impermissibly content-based restriction on speech. While those content-based distinctions no longer appear in the plain language of the ordinances, the Las Vegas City Attorney stated on the legislative record for the adoption of 11.68A, that organized labor still retained "additional rights...under the national Labor Relations Act," that were "protected well and above the constitution" and "not impacted by [11.68A or 10.44A]."  As such, Plaintiffs contend that 11.68A and 10.44A are still content-based, as the city has stated for the record its intent to apply the restrictions on speech differently to organized labor groups.

41.     Additionally, the restrictions contained in LVMC § 11.68A.100(B) (street vending) and § 11.68A.100(H) (tables and displays) only apply to outside groups like the Plaintiffs.  Organizations or other entities that are affiliated with the FSELLC or who have obtained the approval of FSELLC officials are not subject to the restrictions.  These activities, including parades, are not restricted if conducted in connection with a special event or mall entertainment or otherwise authorized by FSELLC officials.

42.     There are no limits on the discretion of FSELLC officials.  The Plaintiffs have been repeatedly denied access to Fremont Street to engage in activities covered by LVMC 11.68A.100.  The ACLU's past tabling event, the basis for the Ninth Circuit's holding in its most recent decision in this case, 466 F.3d 784 (9th Cir. 2007), would still be banned under the current version of 11.68A.   Plaintiff DeVoe has also been threatened under the new ordinance with removal on one occasion where he set up a table for expressive purposes.

43.     Plaintiffs challenge the restrictions that are set forth in LVMC § 11.68A.100 both as applied and facially.  The restrictions directly target First Amendment activity or conduct commonly associated with First Amendment activity.

44.     The restrictions on First Amendment activity contained in LVMC §§ 10.44A and 11.68A.100 are not reasonable time, place, and manner regulations.  They draw content and speaker-based distinctions and are not narrowly tailored to further legitimate governmental interests.  The establishment of a "no-speech zone" on the busiest street in the heart of downtown does not leave Plaintiffs with ample alternatives of communication.

45.     Plaintiffs maintain that the replacement of LVMC 10.44 and 11.68 with 10.44A and 11.68A fails to cure the constitutional defects found by this Court and the Ninth Circuit.

**V.  CLAIMS FOR RELIEF**

**First Cause of Action**
**Violation of Rights Protected by the First and Fourteenth**
**Amendments to the United States Constitution: 42 U.S.C. § 1983**

46.     Plaintiffs reallege and incorporate by reference herein the allegations continued in paragraphs 1 through 45.

47.     Defendants, under color of state law, have caused and will cause Plaintiffs to be subjected to the deprivation of their constitutionally protected rights in violation of 42 U.S.C.§ 1983.

48.     LVMC § 11.68A.100, subsections (B) ("Vending and Advertising"), (G) ("Sexually Oriented Businesses"), (H) ("Tables and Displays"), and (K) ("Solicitation"), unreasonably prohibit First Amendment activity or conduct commonly associated with First

Amendment activity.  The restrictions violate the First Amendment of the United States Constitution as written and as enforced.  As such, these code provisions are unconstitutional both facially and as applied.  In addition, to the extent the Defendants allow some groups to engage in speech on Fremont Street and not others, the Defendants' actions violate the First Amendment.

49.     To the extent the FSELLC permits any of the activities Plaintiffs seek to engage in on a request or discretionary basis, there are no standards governing the discretion of those making such determinations under color of state law.  This practice violates Plaintiffs' and others' rights under the First and Fourteenth Amendments to the United States Constitution.

**Second Cause of Action**
**Violation of the Equal Protection Clause of the Fourteenth**
**Amendment to the United States Constitution**

50.     Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 49.

51.     LVMC § 11.68A.100, subsections (B) ("Vending and Advertising"), (H) ("Tables and Displays"), and (K) ("Solicitation") violate Plaintiffs' and others' rights to equal protection of the laws by carving out an explicit exception for all speech sponsored or approved by the FSELLC.  In addition, City of Las Vegas' on-the-record comments show that these ordinances will still be enforced in a discriminatory manner in favor of labor organizations and speech.  To the extent that the ordinance does not apply equally to FSELLC sponsored or approved speech, these code provisions violate the rights of Plaintiffs and others under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  In addition, to the extent the Defendants allow some groups to organize protests on Fremont Street and not others, the Defendants' actions violate the Equal Protection Clause.

52. LVMC §11.68A.100(K) ("Solicitation") violates Plaintiffs' and others' rights to equal protection under the laws to the extent the ordinance is not enforced even-handedly against individuals and organizations allowed to distribute promotional and gaming materials with the permission of the FSELLC or through the acquiescence of the FSELLC.

## VI.  PRAYER FOR RELIEF

53. WHEREFORE, Plaintiffs seek judgment as follows:

(a). A declaration that the above challenged provisions of the Las Vegas Municipal Code are unconstitutional because they violate the First Amendment and Equal Protection rights of Plaintiffs that are guaranteed by the First and Fourteenth Amendments to the United States Constitution;

(b). A preliminary and permanent injunction, enjoining the Defendants from enforcing the above challenged provisions of the Las Vegas Municipal Code based upon their being constitutionally invalid, both facially and as applied;

(c). A preliminary and permanent injunction enjoining the Defendants from interfering with the Plaintiffs' right to lawfully assemble,  protest and other constitutionally-protected expression and activity at the  Fremont Street Experience;

(d). An award of attorney fees and expenses under 42 U.S.C. § 1988;

(e).  Such other relief as the court deems just or proper.

Dated this 25st day of April 2007.

Respectfully submitted by:


_____/s/_____

Allen Lichtenstein

18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Nevada Bar No. 003992

3315 Russell Road, No. 222

Las Vegas, Nevada 89120

(702) 433-2666

Lee Rowland

Nevada Bar No. 10209

732 South Sixth Street, Suite 200A

Las Vegas, NV 89101

(702) 366-1902

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of April 2007, I caused to be deposited for mailing postage prepaid, at Las Vegas, Nevada, a copy of the foregoing Plaintiffs' Amended Complaint, addressed to the following:

William P. Henry, Esq.
Office of the City Attorney
City of Las Vegas
400 East Stewart Avenue, 9th Floor
Las Vegas, NV 89101

Todd L Bice, Esq.
Schreck Godfrey Brignone
1200 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101

Kristen B. McMillan, Esq.
Hale, Lane, Peek, Dennison,
Howard, Anderson & Pearl
2300 West Sahara Avenue
Eighth Floor, Box 8
Las Vegas, Nevada 89102

Patrick J Reilly
Hale Lane Peek, et al
3930 Howard Hughes Parkway
Fourth Floor
Las Vegas, NV 89169
702-222-2500
Fax: 702-365-6940
Email: preilly@halelane.com

Bradford R. Jerbic
Las Vegas City Attorney's Office
400 Stewart Avenue
9th Floor
Las Vegas, NV 89101-
702-229-6629
Fax: 702-386-1749
Email: bjerbic@lasvegasnevada.gov

Matthew McCaughey
Schreck Brignone
300 S. Fourth St

20

1

Suite 1200
Las Vegas, NV 89101-
702-382-2101
Fax: 702-382-8135

_____/s/_____