Allen Lichtenstein
Nevada Bar No. 003992
3315 Russell Road, No.222
Las Vegas, Nevada 89120
702-433-2666

Lee Rowland
Nevada Bar No. 10209
1325 Airmotive Way, Ste. 202
Reno, Nevada 89502
775-786-1022

Margaret A. McLetchie
Nevada Bar No. 10931
732 South Sixth Street, Ste 200A
Las Vegas, NV 89101
702-366-1902

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| American Civil Liberties Union of Nevada (on behalf of itself and its members), Gary Peck, Unitarian Universalist Social Justice Committee, Sin City Chamber of Commerce (on behalf of itself and its members), Richard DeVoe, The Shundahai Network, <br><br> Plaintiffs, <br> v. <br><br> The City of Las Vegas, Oscar Goodman (in his official capacity as Mayor of Las Vegas), The Fremont Street Limited Liability Corp., and Joseph Schillaci, in his official capacity as the President of The Fremont Street Limited Liability Corp. <br><br> Defendants. | Case No.: 2:97-cv-01419 DWH (LRL) <br><br> **PLAINTIFFS' MOTION FOR COSTS AND ATTORNEY'S FEES** |

## I.  INTRODUCTION

Plaintiffs move pursuant to 42 U.S.C § 1988, and in accordance with Rule 54(d) of the Federal Rules of Civil Procedure and Rule 54-16 of the Local Rules of the U.S. District Court of Nevada, for an award of reasonable attorney's fees and costs from Defendants,  The City of Las Vegas; Oscar Goodman (in his official capacity as Mayor of Las Vegas); The Fremont Street Limited Liability Corp.; and Joseph Schillaci (in his official capacity as the President of The Fremont Street Limited Liability Corp).          .

Plaintiffs prevailed in this action, and their counsel is entitled to be fully compensated for their time and expenses. The fees and costs claimed, totaling $42,868.86, are set forth in detail in the billing and cost report attached as **Exhibit 1** to the Declaration of Allen Lichtenstein, Esq.

## II. CASE SUMMARY AND PROCEDURAL HISTORY

Due to the lengthy history of this ten-year long case, the history is divided into two categories: (A) procedural history of prior actions; and (B) procedural history of the current action.

### A.  <u>Previous Case History</u>

On October 9, 1997, Plaintiffs[1] filed suit alleging that certain ordinances which govern activities within the Fremont Street Experience violated the First and Fourteenth Amendments and prayed for declaratory and injunctive relief.[2]  The district court held that the Mall was not a public forum, and granted summary judgment in favor of Defendants with regard to the tabling and solicitation ordinances, but granted Plaintiffs' motion for a preliminary injunction on the vending and leafleting ordinances. *Am. Civil Liberties Union v. City of Las Vegas*, 13 F. Supp. 2d 1064, 1068 (D. Nev. 1998).   After the Ninth Circuit dismissed, without prejudice, the

---

[1] The original Plaintiffs were the American Civil Liberties Union of Nevada (on behalf  of itself and its members), Gary Peck, Unitarian  Universalist Social Justice Committee, Paul R. Brown, The Shundahai Network, and Greg Gable.
[2] Plaintiffs originally challenged ordinances LVMC 10.44.030, which prohibited soliciting funds at the Mall; 11.68.100(B) which gave the Mall discretionary authority to grant or deny "mall vending" applications; 11.68.100(H), which prohibited tabling at the Mall; and, 11.68.100(I) which prohibited leafleting at the Mall.

Plaintiffs' Motion for Costs & Attorney's Fees

appeals in an unpublished opinion, the district court entered a final order granting summary judgment to Defendants on the solicitation and tabling ordinances and granting summary judgment to Plaintiffs on their leafleting and vending claims. *See Am. Civil Liberties Union v. City of Las Vegas*, 466 F.3d 784, 789 (9th Cir. 2006)("*Fremont II*").  Both parties appealed.

On July 2, 2003, the Ninth Circuit affirmed the court's injunction with regard to the leafleting and vending ordinances, but reversed its determination that the Mall was not a public forum. *Am. Civil Liberties Union v. City of Las Vegas*, 333 F.3d 1092, 1106 (9th Cir. 2003) ("*Fremont I*"). With respect to the vending ordinance, the Ninth Circuit agreed "with the district court that by placing the decision whether to authorize vending wholly within the discretion of an FSELLC official, the ordinance created a situation ripe for abuse, in violation of the First Amendment." *Id*. at 1107.  The Ninth Circuit remanded the case to evaluate the solicitation and tabling ordinances under the heightened scrutiny applicable to public forums.

On remand, the district court found that the solicitation ordinance was a valid content-neutral time, place, and manner restriction on First Amendment activity." *Fremont II*, 466 F.3d at 790. The court granted Defendants' motion for summary judgment on the solicitation ordinance. The court held that the tabling ordinance violated Plaintiffs' equal protection rights, but was not facially invalid. *Id*.  The parties cross appealed again to the Ninth Circuit.

In 2006, The Ninth Circuit found that the solicitation ordinance was content-based because it discriminated on its face between handbills requesting financial or other assistance and handbills that did not make such a request. *Id*. at 794-96.  The Ninth Circuit also found that because the solicitation ordinance prohibited "even the peaceful, unobstructive distribution of handbills requesting future support of a charitable organization," it did "not represent the least restrictive means of achieving the City's stated goals of protecting potential visitors from aggressive or intrusive solicitation, eliminating obstructions to the free movement of pedestrians, and protecting the local merchant economy . . . " and was therefore facially unconstitutional.  *Id*. The court also held that "the erection of tables in a public forum is protected expressive activity to the extent that the tables facilitate the dissemination of First Amendment speech." *Id*. at 799. The Ninth Circuit also held that the tabling ordinance did not

violate the First Amendment on its face. *Id.* The City subsequently passed revised ordinances to address the Ninth Circuit's ruling. The revised statutes included: 11.68.100(B) (the Vending Ordinance); 11.68.100(H) (the Tabling Ordinance); 11.68.100(K) (the Solicitation Ordinance) and 10.44.010 (the Solicitation Definition).

### B.  Current Case History

On April 25, 2007, Plaintiffs filed their second amended complaint challenging those revisions which the City made after the Ninth Circuit's 2006 opinion. Some previous Plaintiffs were not included in the Second Amended Complaint.[3] Plaintiffs also challenged a new ordinance and added a new Plaintiff.[4] The challenged ordinances are:

1. 11.68.100(K) (the "Revised Solicitation Ordinance" applying the "Revised Solicitation Definition" of LVMC 10.44.010);
2. 11.68.100(B) (the "Revised Vending Ordinance");
3. 11.68.100(H) (the "Revised Tabling Ordinance"); and
4. 11.68.100 (G) (the "Sexual Oriented Business Ordinance").[5]

Plaintiffs alleged that the Revised Vending, Tabling, and Solicitation Ordinance and Definition violated Plaintiffs' rights to free speech and equal protection under the First and Fourteenth Amendments of the United States Constitution both facially and as-applied. Plaintiffs challenged the Sexually Oriented Business Ordinance based on First Amendment principles only. In their Prayer for Relief (Second Amended Complaint, Doc. 189 at 18:6-23), Plaintiffs asked this Court for, among other things, a permanent injunction, enjoining the

---

[3] Plaintiffs who were included in the original complaint, but not included in the Second Amended Complaint are: Paul R. Brown and Greg Gable.
[4] Plaintiff Sin City Chamber of Commerce was added as a new Plaintiff because they wished to challenge 11.68.100(G) which prohibits sexually–oriented business from operating within the Fremont Street Experience Pedestrian Mall.
[5] 11.68.100 (G) contained a new provision which prohibits "Sexually-Oriented businesses" from the pedestrian mall. Because sexually-oriented businesses were already prohibited from locating in office space abutting the pedestrian mall by applicable zoning regulations, Plaintiffs feared this Ordinance prohibited advertising or activity by sexually-oriented businesses on the pedestrian mall. Such a prohibition could serve as a content-based speech restriction in violation of the First Amendment, as it may well prohibit protected speech whenever the speaker is associated with or employed by a sexually-oriented business. This challenge was later dropped and not pursued in Plaintiffs' Motion for Summary Judgment and not discussed at Plaintiffs' oral argument on February 23, 2009.

Plaintiffs' Motion for Costs & Attorney's Fees

Defendants from enforcing the above challenged Ordinances based upon their being constitutionally invalid, both facially and as applied.  Plaintiffs and Defendants both filed Summary Judgment Motions on September 22, 2008.  The hearing on both party's motions was heard on February 23, 2009.

On March 17, 2009, this Court issued its Final Order granting in part and denying in part each party's motion for summary judgment (Doc. 236).  The Final Judgment was entered on March 19, 2009 (Doc. 237).

In regard to the Revised Solicitation Ordinance, this Court found the Revised Solicitation Definition did not cure all of the infirmities noted by the Ninth Circuit in *Fremont II* and therefore the Revised Ordinance was still unconstitutional. (Doc. 236 at 36). Specifically this Court found that even though the Revised Solicitation Ordinance is now content-neutral, (*Id*. at 28) it is still not a reasonable time, place, and manner restriction because is still not narrowly tailored to meet the City's interest in providing a safe environment for pedestrians and protecting local merchants.  *Id*. at 33-34. Because the Revised Solicitation Definition is not limited to aggressive panhandling, solicitation, and handbilling, but also prohibits charitable, religious, and political solicitation, this Court found the Ordinance served as "an absolute prohibition on solicitation for any purpose, anywhere, anytime in the Mall" and held that it was unconstitutionally overbroad.  *Id*. at 34-36.  This Court granted Defendants' summary judgment motion with respect to the equal protection challenge and the as-applied speech challenge, but granted Plaintiffs' summary judgment motion with respect to their First Amendment facial challenge, thus invalidating the Revised Solicitation Ordinance.

In regard to the Revised Vending Ordinance, this Court found that Defendants had still not complied with the Ninth Circuit's requirement the Vending Ordinance be revised so that the licensing requirement restricts FSELLC's licensing discretion to "narrowly drawn, reasonable and definite standards that … do not leave the decision to the whim of the administrator." (Doc. 236 at 42-43). This Court granted Defendants' summary judgment motion with respect to the equal protection challenge and the as-applied speech challenge, but granted Plaintiffs' summary

Plaintiffs' Motion for Costs & Attorney's Fees

judgment motion with respect to their First Amendment facial challenge, thus invalidating the Revised Vending Ordinance.

In regard to the Revised Tabling Ordinance, this Court ruled that, to the extent the Revised Tabling Ordinance is based upon the Revised Solicitation Ordinance, the Revised Tabling Ordinance is also not narrowly tailored to meet the City's substantial interests and is thus facially unconstitutional. (Doc. 236 at 37).  To the extent the Revised Tabling Ordinance requires a prospective vendor to apply for a license before erecting a table it is also facially unconstitutional because the Revised Vending Ordinance is unconstitutional. *Id*. at 43. This Court granted Defendants' summary judgment motion with respect to the equal protection challenge and the as-applied speech challenge, but granted Plaintiffs' summary judgment motion with respect to their First Amendment facial challenge, thus invalidating the Revised Tabling Ordinance.

In regard to Plaintiffs' Equal Protection claims, this Court first noted that Plaintiffs did not move for summary judgment on their equal protection claims (Doc. 236 at 44, n. 7), and then declined to address the merits of those claims because "Plaintiffs have not established that they have standing to assert this claim." *Id*. at 45.  This Court granted Defendants' summary judgment motion with respect to the equal protections challenges.

On behalf of Plaintiffs, The ACLU of Nevada has incurred approximately $ 42,372.50 in attorney's fees and approximately $ 496.36 in expenses, for a total of $ 42,868.86.

## III.  ARGUMENT

Plaintiffs are entitled to an award of attorney's fees and costs because they were successful in obtaining the relief they sought in their Complaint: the Revised Solicitation, Vending, and Tabling Ordinances have been declared facially unconstitutional and can no longer be applied against Plaintiffs or anyone else.  Therefore, Plaintiffs' attorneys are entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. 1988(b).  Plaintiffs are entitled to a fully compensable award because they are prevailing party despite the fact that not of their as-applied and equal protections claims were unsuccessful.

### A.  Plaintiffs Are The Prevailing Parties And Are Entitled to Attorney's Fees And Costs.

The Civil Rights Attorney Fee Awards Act of 1976 provides that the District Court may award reasonable attorney's fees to the prevailing party in a Section 1983 action.  42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of [section 1983 and other sections], ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs…" )  The legislative history makes clear that prevailing parties "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  *Hensley v. Eckerhart*, 461 US. 424, 429 (1983) (quoting S.Rep. No. 941011, at 4 (1976)).  This furthers the goal of Section 1988: to ensure that cases such as this attract competent counsel.  *Id.* at 429.

Under Section 1988, in order for a prevailing plaintiff to be entitled to an award of attorney's fees, the plaintiff must obtain an enforceable judgment from the court. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).  Generally, plaintiffs cross the prevailing party threshold "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Texas State Teachers' Association v. Garland Independent School. Dist.*, 489 U.S. 782, 789 (1989). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Id*. at 792-793.

In the case at bar, Plaintiffs prevailed when this Court provided Plaintiffs with the relief they sought: a declaration that the Revised Solicitation, Vending, and Tabling Ordinances were facially unconstitutional and therefore could not be applied against Plaintiffs or anyone else. They were successful in their objective of permanently enjoining enforcement of the Revised Solicitation, Vending, and Tabling Ordinances.  Thus, Plaintiffs have received all of the relief they requested and are, therefore, unquestionably the prevailing parties, entitled to an award of full attorneys' fees and costs.

Plaintiffs' Motion for Costs & Attorney's Fees

**B.  Plaintiffs Are Entitled to a Fully Compensatory Award.**

Once a plaintiff has been determined to be a prevailing party, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley* 461 U.S. at 433. "[T]he 'product of reasonable hours multiplied a reasonable hourly rate' [known as the 'lodestar'] normally provides a 'reasonable' attorney's fee within the meaning of the statute." *Blum v. Stenson* 465 U.S. 886, 897 (1984) (quoting *Hensley*, 461 U.S. at 434). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation[.]" *Hensley*, 461 U.S. at 435.  Thus, the lodestar calculation is "presumed to be the reasonable fee." *Blum,* 465 U.S. at 897.

After making the lodestar computation, courts then assess whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of twelve factors.  *See Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988).  The factors are:

> (1) the time and labor required; (2) the novelty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar case.

*Id.* at 252, n. 4 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Because many of these factors are subsumed within the initial lodestar determination, it is only in rare cases that the lodestar calculation should be adjusted.

Further, as detailed below, and as required by Local Rule 54-16(c), in the attached declaration of Allen Lichtenstein, the amount that the ACLUN is seeking is reasonable because the attorneys exercised appropriate billing judgment and efficiently managed the case.

///

///

8

Accordingly, the following table sets forth the appropriate amounts:

| I. FEES | | | | |
|---|---|---|---|---|
| *Attorney/ Biller* | *Year of Admission* | *Hourly Rate* | *Hours* | *Total* |
| Allen Lichtenstein | 1990 (Nev.) | $325 | 44.30 | $14,397.50 |
| Margaret McLetchie | 2002 (Cal.) 2008 (Nev.) | $295 | 48.20 | $14,219.00 |
| Lee Rowland | 2006 (N.Y.) 2006 (Nev.) | $260 | --- | --- |
| Judy Cox | 2008 (Nev.) | $190 | 72.40 | $13,756.00 |
| Legal support and paralegal time (Phil Hooper – Office Manager, Tamika Shauntee - Paralegal) | N/A | $90 | --- | --- |
| *Attorney Fee Subtotal* | | | 164.90 | $42,372.50 |
| **II. COSTS** | | | | $496.36 |
| **GRAND TOTAL** | | | | $42,868.86 |

1. <u>The Hourly Rates Sought by Plaintiffs' Counsel Are Reasonable, and Plaintiffs Have Been Awarded Similar Fees in Other Cases.</u>

Ordinarily, the attorney fee rate to be utilized under 42 U.S.C. § 1988 is the prevailing market rate for an attorney of similar experience and skill in the forum community. *Blum*, 465 U.S. at 895 & n.11.  The rates set forth above are reasonable and comparable market rates charged by attorneys of similar skill and experience in Las Vegas, Nevada in matters concerning

Plaintiffs' Motion for Costs & Attorney's Fees

constitutional issues.  See Declaration of Gregory Kamer at ¶ 5, attached to Lichtenstein Decl. as **Exhibit 2**; Declaration of Richard Wright at ¶ 4 attached to Lichtenstein Decl. as **Exhibit 3**.

Furthermore, the U.S. District Court for the District of Nevada recently found the above listed hourly rates for Mr. Lichtenstein and Ms. McLetchie to be reasonable.  After prevailing on a substantial number of claims and winning a permanent injunction against enforcement of two new sex offender laws, Plaintiffs' attorneys filed a motion for attorney fees and costs using the above listed hourly rates for Mr. Lichtenstein and Ms. McLetchie.  See *ACLU of Nev. et. al, v. Masto et. al*, 2:08-cv-00822-JCM-PAL (D. Nev. 2008) Plaintiffs' Motion for Attorney Fees & Costs, at p. 6 (Doc. # 82) attached to Lichtenstein Decl. as **Exhibit 4**. Plaintiffs' attorneys asked for $145,823.50 in attorney fees and costs.  *Id*.  While Defendants' did not dispute Mr. Lichtenstein's $325/hour lodestar rate, they did argue that Ms. McLetchie's $295/hour lodestar was too high.  See *ACLU of Nev. et. al, v. Masto et. al*, 2:08-cv-00822-JCM-PAL, Defendants' Opposition to Plaintiffs' Application for Attorney Fees & Costs (Doc. 87) at 5:16-21 attached as **Exhibit 5**.  The district court ignored this argument and awarded the attorneys the full $145,823.50 in attorney fees and costs. *ACLU of Nev. et. al, v. Masto et. al*, 2:08-cv-00822-JCM-PAL Judgment Granting Plaintiffs' Attorney Fee & Cost Motion (Doc. # 93) attached as **Exhibit 6**.  Thus, it has been established that the $325/hour lodestar for Allen Lichtenstein and the $295/hour lodestar for Margaret McLetchie is a reasonable rate for constitutional litigation in Las Vegas, Nevada.

As required by local court rules, the following chart represents a brief summary of "awards in similar cases." Nev. Dist. Ct. R. 54-16(b)(3)(L).

| Case Name | Order Date | Amount Received | Notes |
|---|---|---|---|
| *ACLU of Nev. et. al, v. Masto et. al*, (2:08-cv-00822-JCM-PAL) | 1/13/09 | $145,823.50 | The ACLU of Nevada challenged to proposed laws that would have reclassified previously convicted sex offenders to higher tiers and would have applied residency restrictions retroactively. |

| | | | |
|---|---|---|---|
| *S.O.C., Inc. v. Clark County et al.* (CV-S-97-123-LDG-RJJ) | 3/13/08 | $119,460.00 | Along with a number of other parties represented by other attorneys, the ACLU of Nevada challenged a handbilling ordinance on free speech grounds. |
| *ACLU of Nevada v. Heller et al.* (CV-S-1035-JCM-LRL) | 8/02/07 | $107,511.99 ($4,650.00 for ACLU) | Plaintiffs challenged requirement that the same percentage of votes was needed from each county in order to get an initiative on the ballot. ACLU of Nevada's role was local counsel. Mr. Lichtenstein was compensated at $300 per hour; other attorneys were compensated between $275 and $575 per hour (New York rates). |
| *Coyote Publishing, Inc. v. Dean Heller et al.*(CV-06-329-JCM-PAL) | 12/06/07 | $48,038.00 | Plaintiffs challenged a brothel advertising law on free speech grounds. |
| *Gail Sacco v. City of Las Vegas et al.* (06-CV-714-RCJ-LRL) | 12/05/07 | $26,495.00 | Plaintiffs challenged four limited code provisions; won a permanent injunction as to only one under only one legal theory. |

2.  <u>Plaintiffs Seek Fees for a Reasonable Number of Hours, and Exercised Appropriate Billing Judgment.</u>

In determining what constitutes a reasonable number of hours, the Court is to consider the *Kerr* factors, detailed above.

In the instant case, the time and labor required are set forth in **Exhibit 1** attached to the declaration of Allen Lichtenstein. The challenge to the Revised Ordinances involved extremely complex and difficult issues involving the First Amendment.  Laws are not overturned lightly. And because the case raised both very challenging issues and important constitutional issues, it was essential the case be litigated thoroughly and meticulously, in hopes that another appeal could be avoided.   Further, not only were the rights of the named Plaintiffs at stake but because Plaintiffs raised facial challenges as well, the case raised broadly applicable and important questions about free speech protections and the power of the City to delegate speech restricting ability to a private entity - the FSELLC.

Plaintiffs' Motion for Costs & Attorney's Fees

Plaintiffs' counsel exercised billing judgment and structured work on this case to maximize efficiencies, and the hours listed in the fee request are neither duplicative, unnecessary or excessive. *See Hensley*, 461 US. at 434.  As much as possible, the ACLU dedicated Ms. McLetchie and Ms. Cox to the case, thus requiring that time from Mr. Lichtenstein was neither duplicative nor work that could have been done by other attorneys billing at a lower rate. (Lichtenstein Decl. at ¶ 16.)

Plaintiffs' counsel also exercised appropriate billing judgment by *not* including in this application certain time, even time which would likely be compensable.  For example, ACLU Staff Attorney Lee Rowland assisted in the investigation and preparation of the Complaint but it was decided that her time should not be included in this motion because it was likely redundant. (Lichtenstein Decl. at ¶ 7.)  Plaintiffs are not seeking compensation for time spent answering media questions concerning the case, despite the fact that it would likely be compensable. *Davis v. City and County of San Francisco*, 976 F.2d 1536. 1545 (9th Cir. 1992), *vacated in other part as moot*, 984 F.2d 345 (9th Cir.1992). *See also* (Lichtenstein Decl. at ¶ 16.)

Moreover, Plaintiffs have decided not to seek any compensation for the 28.25 hours that Ms. Cox spent on this case before she was admitted to the Nevada Bar.  (Lichtenstein Decl. at ¶ 8.)  Ms. Cox began working at the ACLUN on September 2, 2008.  She was admitted as a member of the Nevada Bar on October 14, 2008.  Between September 2, and October 14, 2008, Ms. Cox spent 28.25 hours working on this case.  This time would be fully compensable as law clerk time. See *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285-289 (1989) (affirming district court's award of fees for law clerks and recent law school graduates under the Civil Rights Attorney's Fees Awards Act).  Finally, all counsel who seek compensation in this matter billed in tenth-of-an-hour increments, a billing practice that has been explicitly approved of by courts in this circuit.  *See, e.g., Zucker v. Occidental Petroleum Corp.*, 968 F.Supp. 1396, 1403 & n.11 (C.D. Cal. 1997).  (Lichtenstein Decl. at ¶ 18.)

The declaration of Allen Lichtenstein constitutes sworn evidence that Plaintiffs' attorneys actually expended the time for which compensation is sought.  "Sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time

Plaintiffs' Motion for Costs & Attorney's Fees

required in the usual case …" *Perkins v. Mobile Housing Board*, 847 F.2d 735, 738 (11th Cir. 1988).   To deny compensation, "it must appear that the time claimed is *obviously and convincingly excessive under the circumstances.*"  *Id.* (emphasis added).

### 3.   Plaintiffs Are Entitled to Costs and Fees for This Motion.

Plaintiffs are also seeking compensation for the time spent preparing this application for fees.  Plaintiffs are entitled to an award of fees for time reasonably spent in litigating the attorney's application if plaintiff does receive a fee award.  *See. E.g., D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 987, 992 (9th Cir. 1990), *Clark v. City of Los Angeles*, 802 F.2d 987, 992 (9th Cir. 1986) ("[t]ime spent in establishing entitlement to an amount of fees awardable under section 1988 is compensable.").

### 4.   Plaintiffs Are Entitled to Recover the Costs of Litigation.

Plaintiffs are entitled to recover reasonable litigation expenses. *United Steelworkers of America v. Phelps Dodge Corp*., 896 F.2d 403, 407-08 (9th Cir. 1989); *Ilick v. Miller*, 68 F.Supp.2d 1169, 1181-1182 (D. Nev. 1999).  The costs set forth in the above table and the attached declaration of Allen Lichtenstein are neither duplicative nor excessive.

### 5.   The Relevant *Kerr v. Screen Actors Guild* Factors Support the Reasonableness of the Fees Plaintiffs Seek.

A number of the *Kerr*[6] factors add additional support to the reasonableness of Plaintiffs' requested fees.  Plaintiffs won the relief they sought: a declaration that the Revised Solicitation, Vending and Tabling Ordinances were facially unconstitutional, thus barring their enforcement against Plaintiffs or anyone else.   Furthermore, two of Plaintiffs' attorneys are extremely skilled, and have extensive experience litigating complex constitutional matters – and a reputation in the legal community for doing so. (Wright Decl. at ¶ 5).   Indeed, Plaintiffs' attorneys are frequently relied upon as experts on Free Speech issues and constitutional issues more generally.  (Wright Decl. at ¶ 5). Plaintiffs' attorneys' chances of obtaining any fees at all in this case was contingent on their prevailing, since they were representing Plaintiffs on a pro

---

[6] *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)

Plaintiffs' Motion for Costs & Attorney's Fees

bono basis.   (Lichtenstein Decl. at ¶ 3); *Kerr*, 526 F.2d at 70 (The contingent nature of any recovery is a factor that weights in favor of awarding Plaintiffs their full lodestar).

## IV.  CONCLSUION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant its request for fees and costs in the amount of $42,868.86, plus the time they may spend on a reply brief, if Defendants file an opposition, and any argument in connection with this motion.

Respectfully submitted this 16th day of April, 2009.

By:  _____/s/_____
Judy C. Cox
ALCU of Nevada, Legal Fellow
Nevada Bar No. 11093
732 S. Sixth St., Suite 200A
Las Vegas, NV 89101-6928

Plaintiffs' Motion for Costs & Attorney's Fees